JAMES BURNS v. MILLERS MUTUAL CASUALTY COMPANY.[1]

July 16, 1920.

No. 21,851.

**Appeal from municipal court.**

1. Appeals to the district court from municipal courts created by virtue of chapter 229, Laws 1895, must now be taken in the manner prescribed by chapter 283, Laws 1917.

**Workmen's Compensation Act — complaint bad.**

2. In an action brought in the municipal court, the complaint alleged that defendant assumed and agreed to pay the liabilities of an insurance company, which had insured plaintiff's employer under the provisions of the Workmen's Compensation Act, and that such company was indebted to plaintiff in a stated sum on account of a personal injury he had sustained in the course of his employment at a time when he and his employer were both subject to the act. *Held,* that the complaint failed to state a cause of action and that the cause of action plaintiff attempted to allege was not within the jurisdiction of the municipal court.

Action in the municipal court of Waseca to recover $499 for the loss of an eye. The substance of the complaint will be found at the beginning of the opinion. Defendant demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action; that the action was brought more than a year after the injury; that the court had no jurisdiction of defendant's person or of the subject matter of the action. The demurrer was overruled, Conway, J. From the order overruling the demurrer defendant appealed to the district court for Waseca county upon questions of law alone. Plaintiff's motion to dismiss the ap-

1 Reported in 178 N. W. 812.

peal on the sole ground that defendant had not complied with the provisions of section 7602, G. S. 1913, was denied. The appeal was heard by Childress, J., who reversed the order of the municipal court. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*Moonan & Moonan,* for appellant.

*A. G. Briggs* and *Charles H. Weyl,* for respondent.

LEES, C.

This action was brought in the municipal court of Waseca. The complaint alleged that in March, 1917, while employed by the Waterville Furniture Company, plaintiff sustained a personal injury which arose out of and in the course of such employment; that he and his employer were both subject to the provisions of the Workmen's Compensation Act; that the latter was insured pursuant to section 8227, G. S. 1913; that due notice of the injury was given; that the injury sustained resulted in the permanent loss of 50 per cent of the use of one of plaintiff's eyes; that his daily wage was $3.25; that he incurred expenses for medical treatment amounting to $51.65; that by reason of the facts above set forth the insurer became indebted to him in the sum of $1,026.25, of which sum $51.65 and no more has been paid; that in September, 1917, pursuant to a contract with defendant, the insurer turned over its assets to defendant, who assumed and agreed to pay its liabilities, including plaintiff's claim, but had failed to do so. Judgment for $499 was demanded. Defendant demurred and appealed to the district court from an order overruling the demurrer. Plaintiff moved to dismiss the appeal on the sole ground that it was not taken in the manner provided by law. The motion was denied. The demurrer was then argued by counsel for each party and an order made sustaining it. From the judgment entered on such order, plaintiff has appealed.

1. The appeal from the municipal to the district court was taken as provided by chapter 283, p. 420, Laws 1917. Plaintiff insists that it should have been taken as provided by section 5068, G. S. 1894, for the following reason: The municipal court of Waseca was created pursuant to chapter 229, p. 575, Laws 1895. Section 38 of that act reads as follows:

"All appeals from any judgment, order or action of said court shall

be had to the district court  *  * : *  in like manner and under the same rules of practice and procedure as in cases of appeal from justice to district courts, the general laws of this state relating to appeals from justice courts,  *  *  *  shall apply to this court."

It is contended that by the act of 1917 the legislature neither changed nor intended to change the method of taking appeals prescribed by the 1895 municipal court act. The contention cannot be sustained. Section 38 was not intended to make amendments to the statute relating to the manner of appealing from justice courts inapplicable to municipal courts, but to include such courts, so that the procedure in both should be the same in taking appeals to the district court. No other ground for a dismissal of the appeal was suggested in the district court, but it is suggested in plaintiff's brief, apparently for the first time, that the appeal should have been dismissed because an order of the municipal court overruling a demurrer is not appealable since the amendment to section 38 effected by chapter 104, p. 111, Laws 1913 (section 280, G. S. 1913). This point was not raised in the district court, plaintiff basing his motion solely on the ground we have already stated. By failing to raise it and by voluntarily appearing and arguing the demurrer after his motion was denied, plaintiff waived any right he may have had to have the appeal dismissed on the ground that it was not authorized by statute. Wrolson v. Anderson, 53 Minn. 508, 55 N. W. 597.

2. The demurrer was properly sustained. The argument that the action is based on a contract between the insurer of plaintiff's employer and the defendant, and not on the Workmen's Compensation Act, is not well founded. The insurer's liability arose under the compensation act and could have been enforced only in the manner therein provided and only in the district court. Sections 8216, subd. (m), 8230, G. S. 1913. Plaintiff's claim for compensation was unliquidated until the parties either made a voluntary settlement determining the amount of the claim and obtained the approval of the judge of the district court, or, if they failed to do so, until the court fixed the amount by its judgment. The insurer's liability was purely statutory. Until it became fixed in the manner provided by statute, there was no indebtedness and no promise to pay compensation could be implied. Plaintiff was, therefore, bound to

state the facts upon which the insurer's liability was predicated. Insofar as he has done so, it appears that the cause of action attempted to be stated is not within the jurisdicion of the municipal court, for, if defendant had answered denying liability, plaintiff could not recover without proving the facts necessary to establish liability under the compensation act. Defendant has stepped into the shoes of the insurer. The same steps must be taken to charge it that would be necessary if the insurer were the defendant.

Two grounds for demurrer were stated, the first, that the complaint failed to state a cause of action, and the second, that the municipal court had no jurisdiction. The demurrer was good on both grounds and the judgment from which the appeal was taken is, therefore, affirmed.