Goliat, Appellant, *v.* Butler Consolidated Coal Company et al.

Argued May 1, 1944. Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

*Samuel Krimsly,* for appellant.

*Karl E. Weise,* with him *Hirsch & Shumaker,* for appellees.

OPINION BY KENWORTHEY, J., July 15, 1944:

The Workmen's Compensation Law requires the employer to furnish reasonable surgical and medical service, medicines and supplies to an employe injured in the course of his employment. The question raised by this appeal is whether, under the circumstances of this case, the employer is also bound to reimburse the employe for the cost of transportation to and from the physician's office where the services were rendered.

We agree with the board and the court below that claimant was not entitled to reimbursement.

Sec. 306(e) of the Act of June 2, 1915, P. L. 736 art. III, as amended by the Act of June 4, 1937, P. L. 1552, 77 PS 531, expressly provided: "The employer shall also furnish to the employe, or pay the cost of, transportation to and from the place where such [medical] services are rendered ......" This provision was omitted from the 1939 Act.[1] That act, which is applicable here, merely requires the employer to "furnish reasonable surgical and medical services, medicines and supplies," and that "If the employer shall, upon application made to him, refuse to furnish such services, medicines and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitations."

In the present case the employer immediately after the accident referred claimant to a physician whose office was located a distance of three and a half to

---

[1] Act of June 21, 1939, P. L. 520 §306(f), 77 PS 531.

four and a half miles from the mine. There is evidence that he was the best and most modern physician in the area. Claimant voluntarily continued to receive treatments from this physician until the injury to his foot had healed. He lost no time from his work and apparently travelled to and from his home to the mine every day in his automobile. But instead of stopping at the physician's office either on his way to or from the mine (his excuse was that he was carrying fellow workers) his trips to the physician's office were made from his home which required him to drive twelve and a half miles each way or a round trip distance of twenty-five miles.

The change in the legislation clearly indicates an intention on the part of the legislature to do away with the requirement that the employer pay for the transportation to and from the physician's office. There is no evidence that claimant ever complained of the distance he was compelled to travel to see the doctor; in fact the employer's safety director testified that he did not even know that claimant was continuing his treatments with the physician until after the completion of the treatments and the claim for reimbursement was made. The present law requires the employer to furnish "reasonable" services and authorizes an employe to select his own physician in the event such reasonable services are not furnished. If claimant had felt the services offered were unreasonable because they required him to travel too far he should have requested authorization to change to a physician more accessible to him. If the employer had refused to permit the change there might have been presented to the board a question whether the services offered were reasonable. On the basis of the present record the question was properly disposed of.

The order and judgment are affirmed.