# JOSEPH W. HUHN v. FOLEY BROS. INC. AND ROHL-CONNOLLY COMPANY.[1]

February 15, 1946.

No. 34,211.

[1]Reported in 22 N. W. (2d) 3.

*Victor E. Anderson,* United States District Attorney, and *Clifford F. Hansen,* Assistant United States District Attorney, for relators.

*Robins, Davis & Lyons,* for respondent.

MATSON, JUSTICE.

Original proceeding for a writ of prohibition against the municipal court for the city of St. Paul and others to forbid their proceeding with an action because of lack of jurisdiction by said court.

Respondent, on or about April 21, 1943, under a written contract, became an employe of relators in Alaska, where the latter were engaged in construction work for the War Department of the United States. The contract granted respondent free transportation to Alaska and, in the event that he stayed nine months or more on the job, free return transportation, subject, however, to the express provision that respondent "will pay his return transportation costs and expenses if he voluntarily leaves prior to nine (9) months from the date of this contract." The contract also provided that "Work-

men's Compensation Insurance, under Longshoremen's and Harbor Workers Compensation Act as Amended by Public Law 208, will be carried by the Employer," the relators herein. About August 27, 1943, respondent, according to his complaint, "suffered and sustained *injuries arising out of and in the course of his employment* for defendants which disabled him from performing further services to defendants under said contract, and plaintiff was *required to return to St. Paul, Minnesota, for medical treatment for said injuries.*" Upon his return, respondent commenced proceedings against relators herein before the United States Employees' Compensation Commission under the Longshoremen's and Harbor Workers' Compensation Act, hereinafter called the Longshoremen's Act (33 USCA, § 901, *et seq.*), as amended by 42 USCA, § 1651, *et seq.*, known as the Defense Bases Act, and as further amended by 42 USCA, § 1701, *et seq.* The commission on February 5, 1944, made its findings and award in favor of respondent determining that he had sustained an injury in the course of his employment, that as a result of said injuries he was disabled, and that relators failed to furnish respondent with the necessary medical treatment therefor.

Although respondent returned from Alaska before the nine-month period had expired, on July 20, 1945, he sued relators on the contract in the municipal court of St. Paul to recover $138.06 as the cost of his return trip, on the theory that his return was not voluntary but necessary to obtain medical treatment for his injuries. About July 27, 1945, relators interposed their verified answer and counterclaim and made a motion to have the United States of America joined as a party defendant. The motion was denied. Respondent then served an unverified reply. By motion dated September 18, 1945, relators moved the court for an order dismissing respondent's action on the ground that his complaint failed to state a cause of action, and on the further ground that the court did not have jurisdiction of the subject matter. This latter motion was also denied. Subsequently thereto, relators instituted this proceeding.

Relators contend that, insofar as the travel expense for the return trip to St. Paul was incidental to and necessary for obtaining medical treatment, respondent can recover therefor only as a part of the amount awarded, or to be awarded, by the United States Employees' Compensation Commission and that said commission has such exclusive jurisdiction of the subject matter as to bar an action therefor in a state court.

■ We cannot now be concerned with respondent's failure to verify his reply as required by Minn. St. 1941, § 544.15 (Mason St. 1927, § 9265). "The remedy for a defective verification, or for the want of a verification, when required, is a prompt return of the pleading." 1 Pirsig's Dunnell, Minn. Pleading, § 105, and cases cited.

■ Contrary to the representation made by relators in their brief, 42 USCA, § 1654, does *not* provide that persons subject to §§ 1651-1654 shall be entitled to the benefits of 5 USCA, §§ 751-791 and 793, relating to compensation for injuries to civil employes of the United States. In direct and clear language, § 1654 simply states that §§ 1651-1654 shall not apply to the injury or death of "an employee subject to the provisions of sections 751-791, 793." Likewise, 42 USCA, § 1701, declares in clear language that *an employe not specified in, and not entitled to compensation under, §§ 1651-1654* shall be subject to the provisions of §§ 751-791 and 793. Accordingly, respondent, who is admittedly an employe covered by §§ 1651-1654, can claim no benefits under § 759, which expressly provides that an employe subject thereto "may be furnished transportation" necessary and reasonable for proper medical treatment. Section 1651 specifies that 33 USCA, §§ 901-921 and 922-950, of the Longshoremen's Act shall apply to employes of a contractor engaged in public work in Alaska for any department of the federal government. (See, Royal Indemnity Co. v. Puerto Rico Cement Corp. [1 Cir.] 142 F. [2d] 237.) It follows that any right of respondent to secure an award from the United States Employees' Compensation Commission for travel expense must be limited to and derived from

pertinent provisions of the Longshoremen's Act and more specifically to and under § 907 thereof, which reads in part as follows:

"§ 907. Medical services and supplies

"(a) *The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service,* medicine, crutches, and apparatus for such period *as the nature of the injury or the process of recovery may require. If the employer fails to provide the same, after request by the injured employee, such injured employee may do so at the expense of the employer.* * * * *The deputy commissioner may,* * * * *make an award for the reasonable value of such medical or surgical treatment so obtained by the employee."* (Italics supplied.)

■ Does the statutory requirement to furnish medical, surgical, and hospital service include the cost of travel incident to, and reasonably necessary for, obtaining such service? It is the general rule that compensation laws are remedial in character, seeking to accomplish a humane purpose, and their terms should be liberally construed. Allen-Garcia Co. v. Industrial Comm. 334 Ill. 390, 166 N. E. 78.[2]

The federal courts follow the general rule in giving a liberal construction to the Longshoremen's and Harbor Workers' Compensation Act.[3]

"The trend is in the direction of increasing the medical liability. Where the legislature has not fettered the courts, the judges have been liberal in construing medical provisions." Horovitz, Workmen's Compensation, p. 297.

---

[2]See, L. R. A. 1917D, 89; Ann. Cas. 1917D, 6; 6 Dunnell, Dig. & Supp. § 10385; 28 R. C. L., Workmen's Compensation Acts, § 50; 71 C. J., Workmen's Compensation Acts, § 65.

[3]Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U. S. 408, 52 S. Ct. 187, 76 L. ed. 366; Jamison v. Encarnacion, 281 U. S. 635, 640, 50 S. Ct. 440, 442, 74 L. ed. 1082; Union Stevedoring Corp. v. Norton (3 Cir.) 98 F. (2d) 1012; Di Giorgio Fruit Corp. v. Norton (3 Cir.) 93 F. (2d) 119; International Mercantile Marine Co. v. Lowe (2 Cir.) 93 F. (2d) 663; De Bardeleben Coal Corp. v. Henderson (5 Cir.) 142 F. (2d) 481.

Respondent alleges that his return trip to St. Paul was necessary in order to obtain the medical treatment which relators had failed to provide. It has been held that in making an award for the expense of medical treatment to which an injured employe is entitled, which he must go a distance from the place of injury to obtain, an actual outlay for railroad fare may properly be included. Scruggs Bros. & Bill Garage v. State Industrial Comm. 94 Okl. 187, 221 P. 470; see, Boyle-Farrell Land Co. v. Haynes, 161 Ark. 183, 256 S. W. 43; 71 C. J., Workmen's Compensation Acts, § 490.[4]

The purpose of the statute would be defeated if the respondent were to be denied reimbursement for expenses incurred in travel reasonably necessary to make medical service available. There is little doubt that the United States Employees' Compensation Commission may allow the costs of such travel if the employe can establish that the return trip was reasonable from a medical standpoint. Whether the trip was reasonably necessary or whether suitable treatment could have been obtained at a point nearer the place of injury involves a question of fact for determination by the commission. We cannot, and need not, determine here whether the item of travel expense was considered by the commission when it made its award to respondent. We conclude, however, that respondent was subject to the compensation act and had, or has, a complete remedy thereunder for any and all medical expenses necessarily and reasonably incurred, inclusive of the cost of essential travel.

■ The remedy afforded employes entitled to benefits of the Longshoremen's Act is exclusive. South Chicago Coal & Dock Co. v. Bassett, 309 U. S. 251, 60 S. Ct. 544, 84 L. ed. 732; Warner Co. v. Norton (3 Cir.) 137 F. (2d) 57; Bowen v. Shamrock Towing Co. (2 Cir.) 139 F. (2d) 674. No other liability may be asserted by employes against an employer who, subject to and in compliance with said act, makes provision to secure compensation for their benefit. Continental Cas. Co. v. Lawson (5 Cir.) 64 F. (2d) 802.

---

[4]In Goliat v. Butler Consolidated Coal Co. 155 Pa. Super. 254, 38 A. (2d) 727, reimbursement for transportation expense was denied in accordance with intent expressed by legislature in amending statute.

The exclusive nature of these remedies was not changed by the Defense Bases Act in extending their benefits to defense-base workers. Royal Indemnity Co. v. Puerto Rico Cement Corp. (1 Cir.) 142 F. (2d) 237. The coverage clause, 33 USCA, § 903, is not to be so interpreted as to deprive the federal power of exclusive jurisdiction. The federal power is paramount and does not here permit the exercise of local jurisdiction. Royal Indemnity Co. v. Puerto Rico Cement Corp. and Continental Cas. Co. v. Lawson (5 Cir.) 64 F. (2d) 802, *supra.*

"* * * All compensation statutes create rights as well as benefits that were unknown to the common law. They also deprive injured employees of rights, such as the right to sue the employer at common law. Employers are likewise deprived of the right to make certain common-law defenses to claims for compensation. The chief benefit to employers is that they are immune from suits at common law." Adams v. Hercules Powder Co. 180 Tenn. 340, 345, 175 S. W. (2d) 319, 321, 151 A. L. R. 1352, 1356.

■ Relators expressly agreed to carry workmen's compensation insurance pursuant to the Longshoremen's and Defense Bases Acts, and thereby these statutes were read into and became a part of the contract. State Industrial Comm. v. Nordenholt Corp. 259 U. S. 263, 271, 42 S. Ct. 473, 474, 66 L. ed. 933, 936, 25 A. L. R. 1013, 1015; Continental Cas. Co. v. Lawson (5 Cir.) 64 F. (2d) 802. A purely statutory remedy, exclusive in its nature, was thereby adopted for the determination of all liability for medical treatment for respondent's injury, and that remedy must be pursued in the manner prescribed by statute. See, Burns v. Millers Mut. Cas. Co. 146 Minn. 356, 178 N. W. 812. Obviously, the purpose of these compensation acts was, as a matter of contract as well as a matter of fundamental public policy, not to be defeated or enlarged by a different and independent contract provision designed for another purpose and having no relation to workmen's compensation insurance. Respondent, having admitted and alleged that his sole reason for returning to St. Paul was to obtain medical service, must con-

fine himself to the remedy given him as an employe subject to the Longshoremen's Act.

■ Clearly, the municipal court of the city of St. Paul has no jurisdiction over the subject matter. Relators' liability to furnish medical service for the treatment of respondent's injury arose only under the Longshoremen's Act and can be enforced only in the manner therein prescribed. See, Burns v. Millers Mut. Cas. Co. 146 Minn. 356, 178 N. W. 812; 4 Dunnell, Dig. & Supp. § 6900. Relators, by interposing an answer and a counterclaim, did not and could not thereby confer jurisdiction. In contradistinction to jurisdiction over the person, jurisdiction of the subject matter cannot be conferred by consent of the parties. 2 Dunnell, Dig. & Supp. § 2346; 1 Id. & Supp. § 476.

■ Prohibition is not a writ of right, but, in the absence of another legal remedy which is reasonably efficient and adequate, issues in the discretion of the court to prevent an inferior tribunal from proceeding in a matter over which it is wholly without jurisdiction or in which it is exceeding its legitimate power and authority. It is a writ of prevention and not of correction. State ex rel. Laurisch v. Johnson, 216 Minn. 219, 12 N. W. (2d) 343; State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155; 5 Dunnell, Dig. & Supp. §§ 7840, 7842, 7845. In the instant case, the municipal court is wholly without jurisdiction. In our opinion, the remedy by appeal is inadequate and entirely too circuitous to be reasonably efficient in adjudicating the rights of the parties. The remedy of appeal would inevitably be fruitful of burdensome and useless delay.

It follows that the writ of prohibition heretofore issued should be made absolute. Pursuant to Minn. St. 1941, § 587.05 (Mason St. 1927, § 9738), the proceedings already had in the municipal court are annulled.