## Mosley v. Middle Pennsylvania Coal Company

*George Jerko* and *Carl A. Belin* for claimant.
*Edward J. Willard*, for defendant.

BELL, J., April 13, 1946.—Defendant filed a petition to terminate compensation, averring that claimant had been able to resume work after disability of a short period, from an eye condition which occurred on May 25, 1943. Claimant did not deny that he was able to resume work as of June 8, 1943, but claimed traveling expenses for 18 trips to and from Madera and Clearfield, between the period of May 25th and June 16th, setting forth that he was directed to go to an eye specialist at Clearfield by the physician he first went to.

The referee found that the foreman had instructed the claimant to see a local physician; that he selected Dr. Ronan at Houtzdale; that claimant averred Dr. Ronan had made an appointment for him to come to Clearfield. The fourth finding as originally found by the referee, was that though Dr. Ronan did not recall the instance, he was agent for defendant company, and that defendant was required to pay for the traveling expense between Madera and Clearfield. The second conclusion of law being as follows:

"That since your referee has found the expense to which the claimant was placed in seeking medical attention is part of the medical expense, he is entitled to reimbursement for same."

The case was appealed to the board, and an opinion dated September 15, 1944, reversed the findings of the referee and held that an employer was not required to reimburse an injured employe for costs of transportation from his home to where the medical services were rendered. The board cited the case of Goliat v. Butler Consolidated Coal Co., 155 Pa. Superior Ct. 254. The case was remanded to the referee for rehearing, which was had. On March 15, 1945, the referee in the third finding of fact, found that defendant's foreman had instructed claimant to seek a local physician, which claimant did; that he later came to Dr.

Shaffer at Clearfield; and made a fourth finding of fact as follows:

"Fourth: There is no evidence in the record on which an award may be based for the value of traveling expenses which are not authorized by the defendant."

And a second conclusion of law as follows:

"Second: That since it has been found that the traveling expenses of the claimant to and from Clearfield were not authorized by defendant, and further that there is no provision for the same under the Act of 1939, claimant is not entitled to reimbursement."

On appeal, the board affirmed the referee's findings. An appeal has been filed in this court.

There is no dispute that claimant has been paid his compensation while off work, and that defendant has taken care of the services of both Dr. Ronan and Dr. Shaffer. There is ample evidence to sustain the findings of the referee and board, both of whom acted upon the assumption that The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, abolished the right of a claimant to receive any transportation in the absence of a special agreement as to the same. The provision for transportation was first inserted in The Workmen's Compensation Act of 1915, by the amendment of 1937. In 1939, article 3, sec. 306 (e), was amended to become clause (f) ; and the provision as to payment of compensation was eliminated.

As pointed out by Judge Kenworthey in the case of Goliat v. Butler Consolidated Coal Co., 155 Pa. Superior Ct. 254, the court on page 256 said:

"The change in the legislation clearly indicates an intention on the part of the Legislature to do away with the requirement that the employer pay for the transportation to and from the physician's office."

Counsel for claimant admit that where compensation is furnished, claimant would not be entitled to transportation, and attempt to distinguish the Goli-

ath case on that basis; but contend that the company, in this case, refused to furnish compensation, whereupon claimant was compelled to seek his own doctor; and under the Act of 1939, when the employer refuses to furnish medical services, the law states: "the employe may procure the same and receive from the employer the reasonable cost thereof". It is contended for claimant, that the cost of transportation would be the reasonable cost thereof. Counsel for defendant contend it means cost of medical services, and medical services alone. The Act of 1939 refers to medical services. Where other than medical services are intended, they are specifically set forth, such as medicines, supplies, hospital treatment, etc. The cost thereof, does not refer to transportation, but to the cost of the medical or surgical services, plus the medicines, supplies and hospital treatment, as set forth in the act. Whether the employer refused to furnish medical attention or not, is immaterial as we view the act, for it does not come within the words "the cost thereof"; and when the Act of 1939 was written, the provision for the payment of transportation to and from the doctor was expressly eliminated in the amendment.

The referee has found that defendant sent the claimant to a local physician, and under such state of facts, counsel admits there would be no right to recover. There is sufficient to sustain the referee's finding in this regard, and we would have no power to change the same. The findings of the referee and board will be affirmed and exception noted.

### Order

Now, April 13, 1946, the exceptions of claimant to the decision of the workman's compensation board of February 6, 1946, are dismissed; and the findings of fact and conclusions of law of the board are affirmed.