### Strauss v. Harry Lipoff's Wholesale Meat Co. et al.

*M. S. Levy*, for claimant.

*J. P. Erwin*, for defendants.

KUN, J., December 21, 1949.—This is an appeal from an order of the Workmen's Compensation Board, directing claimant to repay defendant insurance carrier the sum of $13.50 which a referee had erroneously directed the carrier to pay for a truss for hernia as a "medical expense" or "artificial appliance".

As pointed out by Skinner in Pennsylvania Workmen's Compensation Law, vol. 1, 4th ed., at page 529, prior to the amendment of The Workmen's Compensation Act of June 4, 1937, P. L. 1552, there was no obligation resting upon the employer to provide "artificial appliances". The term was not defined by the act. The author suggests that they probably intended to include splints, crutches, artificial hands, arms, legs and glass eyes, and to these may be added trusses, which would undoubtedly be regarded as such. However, The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, struck out the words "artificial appliances". The claim in this case arose under that act.

The Act of June 4, 1937, had also required the employer to furnish to the employe or pay the cost of transportation to and from the place where medical services were received by the employe. This likewise was struck out by the amending Act of June 21, 1939. It was, therefore, held in Goliat v. Butler Consolidated Coal Company et al., 155 Pa. Superior Ct. 254, that the employe was no longer entitled to such cost of transportation, and that it could not be allowed upon the theory that it is included in the phrase, "reasonable surgical and medical services". The same reasoning applies here. The amending Act of 1939 having stricken out the provision in the prior legislation for compensation for "artificial appliances", it cannot be allowed under that act. There is a clear distinction between "artificial appliances" and "reasonable surgical and medical services".

The board had so correctly held in a prior ruling, Riccobono v. Gutman and Son, 29 Dept. Rep. 1911 (1943), that a truss for a hernia was an artificial appliance and not a medical expense or medical supply, and inasmuch as the legislation omitted "artificial appliances" in the amending Act of 1939, the allowance of the cost of the truss could not be sustained. The board was correct in adhering to that ruling in this case.

The order of the compensation board is affirmed.