### GIBBS v. CENTRAL PAPER CO., et al.

Industrial Commission.

February 28, 1956.

Heskin A. Whittaker, Orlando, and Oxford & Oxford, for claimant.

Robert F. Lilley and John G. Baker, both of Orlando, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, commissioners WALTER L. LIGHTSEY and JAMES CAMERON participated in the disposition of this application for review.

BY THE COMMISSION.

This cause came on to be heard on the employer's application for review of a deputy's commissioner's order awarding claimant compensation and reimbursement of travel expenses. The employer contests only that portion of the order which provides—"It is ordered that the employer pay to claimant a total of $192.50 for 25 round trips from Winter Haven to Orlando for the purpose of medical treatment, a total of 2,750 miles at the rate of 7c per mile." The employer contends that this portion of the order is contrary to the law and evidence and not supported by the provisions of the Act.

The claimant originally was employed in Orlando and was injured while working there, but after the accident moved to Winter Haven. He than traveled between Winter Haven and Orlando for medical treatment from an Orlando doctor whom he first consulted after being dismissed by the doctor originally furnished by the employer. His treatment by this doctor was known to the employer and under circumstances indicating acquiescence by the employer. At the hearing the parties stipulated as to the number of round trips between Winter Haven and Orlando through September 8, 1955.

Section 440.13(1), Florida Statutes 1955, provides—"(1) The employer *shall furnish* to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require, including medicines, crutches, artificial members, and other apparatus. . . ." (Italics added.)

There is a dearth of law on the issue raised by the employer. However, it appears reasonable to allow such travel expenses under the above section stating that the employer "shall furnish" medical treatment, and we have heretofore approved the allowance of such expenses in appropriate circumstances. In Huhn v. Foley Bros. (Minn.), 22 N.W. 2d 3, the court held that under the Longshore-

men's Compensation Act an injured employee who had to travel by railroad in order to obtain medical treatment was entitled to reimbursement for "actual and reasonable" expenses in connection therewith.

We are of the opinion that under section 440.13 (1) an allowance for transportation expenses for the purpose of receiving medical treatment furnished by the employer is proper. The employer's contention that the allowance in the instant cause is not supported by the evidence is without merit, inasmuch as the employer had knowledge of the treatments, made no objection thereto, and failed to offer treatment by any other doctor. The parties have stipulated to the number of trips and the distance of the travel incurred thereby.

Affirmed. The employer is ordered to pay claimant's attorney, Heskin A. Whittaker, $290 as a reasonable fee for his services before the full commission.