JOHN D. JENSWOLD v. ST. LOUIS COUNTY WELFARE
BOARD AND ANOTHER.
STATE EX REL. JOHN D. JENSWOLD v. MARK NOLAN,
JUDGE OF THE DISTRICT COURT OF THE ELEVENTH
JUDICIAL DISTRICT, ST. LOUIS COUNTY.

76 N. W. (2d) 639.

March 29, 1956—Nos. 36,720, 36,722.

*John D. Jenswold,* pro se, for appellant-relator.

*Thomas J. Naylor,* County Attorney, and *George B. Sjoselius,* Assistant County Attorney, for respondents-defendants.

*Dennis F. Donovan, Jr.,* and *McCabe, Clure, Van Evera & Donovan,* for Claryce Elaine Nelson, amicus curiae.

THOMAS GALLAGHER, JUSTICE.

Plaintiff, John D. Jenswold, as a resident and taxpayer of St. Louis County, instituted both of the above-entitled proceedings. In

the first, he seeks to enjoin the defendants therein from complying with an order of the District Court of St. Louis County made in proceedings entitled "In the Matter of the Petition of Claryce Elaine Nelson as mother and natural guardian of Philip John Nelson For Certain Relief." This order directed the executive secretary of the St. Louis County Welfare Board to "pay and disburse from funds of said Welfare Board in his custody such funds as may be reasonably necessary for the Petitioner herein to perfect her appeal in the action described in said Petition and as are ordered by the Court from time to time." It further ordered "That the sum of Five Hundred ($500.00) Dollars be advanced immediately * * * to Petitioner for such purpose, * * *."

"The action described in said Petition" as referred to in the challenged order above set forth was a habeas corpus proceeding instituted in the District Court of St. Louis County by Claryce Elaine Nelson, wherein she sought to regain custody of her infant child, entitled "State ex rel. Claryce Elaine Nelson, as mother and natural guardian of Philip John Nelson, a minor, plaintiff, v. Byron C. Whaley and Simone S. Whaley, defendants." Therein, the District Court of St. Louis County made an order discharging the writ of habeas corpus and denying petitioner custody of her child. The contemplated appeal for which petitioner sought assistance from the welfare fund was from this order and has since been determined by this court. State ex rel. Nelson v. Whaley, 246 Minn. 535, 75 N. W. (2d) 786.

In the appeal in the first of the above-entitled proceedings, plaintiff seeks reversal of an order of the District Court of St. Louis County which granted defendants' motion to vacate and set aside the service of the summons and complaint and order to show cause therein and to discharge such order to show cause on the ground that the district court was without jurisdiction to enjoin enforcement of a prior order made by the same court.

In the second proceedings above entitled, plaintiff seeks a writ from this court prohibiting the District Court of St. Louis County from enforcing compliance with the described order for payment of

legal expenses and commanding it to refrain "from any further proceedings in such matter."

Since both the appeal in the first proceedings and the petition for writ of prohibition in the second challenge the validity of the order directing payment of legal expenses from welfare funds, the two have been consolidated for hearing in this court.

■ It is well settled that this court may grant a writ of prohibition if it appears that the tribunal to which it is directed is proceeding in some matter over which it has no jurisdiction or is exceeding its legitimate powers in a matter in which it does have jurisdiction. State ex rel. United Elec. R. & M. Workers v. Enersen, 230 Minn. 427, 42 N. W. (2d) 25; Huhn v. Foley Bros. Inc. 221 Minn. 279, 22 N. W. (2d) 3; State ex rel. Claude v. District Court, 204 Minn. 415, 283 N. W. 738; Mason's Dunnell, Minn. Practice, § 5610.

■ The basic issue for determination here is whether the District Court of St. Louis County had jurisdiction to order the St. Louis County Welfare Board to pay to Claryce Elaine Nelson from public funds in its custody the sums necessary to cover legal expenses in her appeal in the habeas corpus proceeding. Since this issue is properly raised in the proceeding for the writ of prohibition and must be determined therein, it will be unnecessary to decide whether the court had jurisdiction to grant the relief prayed for in plaintiff's first action.

■ The challenged order provided that the payments to be made pursuant thereto should be from public funds in the custody of the welfare board. There are two such funds; viz., the *social welfare fund,* from which fund payments for aid to dependent children may be made, (M. S. A. 256.72 to 256.92, inclusive) and the regular funds of the county, from which poor relief payments are made (§§ 261.03 to 261.23).[1]

■ The statutes covering aid to dependent children from the social welfare fund (§§ 256.72 to 256.92, inclusive) contain nothing prohibiting payment therefrom for legal expenses in proceedings

---

[1]St. Louis County operates its system of caring for the poor under what has been designated as the "county system." See, § 261.06.

such as those above described. In fact, the language thereof strongly indicates that payments for such purposes are proper and valid. Thus, § 256.85 provides:

"Sections 256.72 to 256.87 shall be liberally construed with a view to accomplishing their purpose, which is hereby declared to be to enable the state and its several counties *to cooperate with responsible mothers or relatives in rearing future citizens,* when such cooperation is necessary on account of relatively permanent conditions, *in order to keep the family together in the same household, reasonably safeguard the health of the mother and secure to the children during their tender years her personal care and training."* (Italics supplied.)

Likewise, § 256.91 authorizes the commissioner of public welfare, who determines the propriety of payments a county welfare board may make from the social welfare funds, to pay therefrom "such amounts as he deems proper for the support, maintenance, or *other legal benefit* of any * * * defective, illegitimate, dependent, neglected, and delinquent children, * * *." (Italics supplied.) Under § 256.85 a county welfare board would be acting well within its province if it were to grant reasonable aid for legal expenses in litigation such as the habeas corpus proceeding here described and which it deemed essential toward keeping the family of Claryce Elaine Nelson "together in the same household," while under § 256.91 payments for such purposes might well be deemed proper for the "legal benefit" of the child Philip John Nelson.

■ Likewise, the statutory criteria for poor relief is couched in broad terms. Thus, § 261.15(4) provides:

"The words 'direct relief' mean relief to individuals or families incidental to the care of the poor, such as food, clothing, shelter, medical care, and supplies, *other necessities of life* and payment in cash provided that nothing in sections 261.15 to 261.20 shall be interpreted as enlarging the responsibility for relief as now imposed by the laws of Minnesota." (Italics supplied.)

There are many occasions when relief for *legal* assistance in aid of poor "individuals or families" is as much for their "necessities of life" within the meaning of § 261.15(4) as would be food, clothing, shelter, supplies, or medical and dental care. At times the need of an attorney by some unfortunate is as vital to his physical and mental well-being as would be his need for medical or dental care, services for which are commonly paid for from welfare funds without question. The widespread creation of legal aid societies maintained at public expense manifests society's definite recognition of this principle.

■ Under our statutes, however, before the courts may act in a matter involving expenditures of welfare or public funds for dependent children or poor relief, a determination as to the need for assistance and the propriety of an expenditure therefor from public funds must be made by the local welfare agency, or, on appeal from such local agency, by the commissioner of public welfare. Thus, under the dependent children statute (§§ 256.72 to 256.92, inclusive) application for assistance involving a disbursement from the social welfare fund must initially be made to the county agency. § 256.74. If the applicant be aggrieved by its determination or by its delay in acting upon his application, he must give written notice to such effect to the county agency. Thereafter, the county agency is required to fix a time and place for a hearing to be held within 30 days. If the applicant is dissatisfied with its subsequent decision, he may appeal to the commissioner of public welfare within 30 days. §§ 256.77, subd. 1, and 256.01, subd. 1. It is only in the event the applicant is aggrieved by the decision of the commissioner made after a proper hearing that he is authorized to appeal to the district court. § 256.77, subd. 3. Under statutes governing funds for poor relief, there are provisions for similar procedure. There, also, an applicant for such relief must first apply to the local agency and if aggrieved may not have his claim for assistance reviewed by the district court except by way of appeal from the ultimate determination of the commissioner of public welfare. §§ 261.03, 261.123, 261.124.

■ In the instant case the preliminary procedures above outlined were not followed. Claryce Elaine Nelson, the applicant for assistance, proceeded directly to the District Court of St. Louis County where she procured an order which directed St. Louis County Welfare Board to aid her by payment of her legal expenses on the appeal in the habeas corpus proceedings. Prior thereto, she had not applied to the county board for such assistance, nor does it appear that any appeal was taken by her to the commissioner of public welfare from a determination of the county board or because of its delay in acting upon her application. Since the statutes above cited vested in the county welfare board exclusive power to make the initial determination of her application, and limited the jurisdiction of the district court to a review of the determination made by the commissioner of public welfare upon an appeal from such county board, it is clear that the district court lacked jurisdiction to make the order challenged in both of these proceedings. Until Claryce Elaine Nelson had exhausted her remedies before the county welfare board and the commissioner of public welfare, it could not assume jurisdiction in the proceeding nor issue its order directing the St. Louis County Welfare Board to make payments to Claryce Elaine Nelson from welfare funds under its control for legal assistance or otherwise.

It follows that the order appealed from in 36,720 is affirmed; and the writ of prohibition heretofore issued in 36,722 is made absolute, without costs or disbursements.