## IN RE WELFARE OF ARLENE KARREN AND OTHERS.
## AUDREY MUNKELWITZ v. HENNEPIN COUNTY
## WELFARE DEPARTMENT.

159 N. W. (2d) 402.

June 7, 1968—No. 40,748.

*George M. Scott,* County Attorney, and *Douglas X. Juneau* and *Henry W. McCarr, Jr.,* Assistant County Attorneys, for relator.

*Smith & Munro* and *Bernard P. Becker,* Legal Aid Society of Minneapolis, Inc., for appellant Munkelwitz.

OTIS, JUSTICE.

This matter is before the court on a petition by the Hennepin County Welfare Department for a peremptory writ of mandamus to compel the district court to order at public expense a transcript of proceedings conducted under Minn. St. 260.231 which terminated the parental rights of an indigent. An alternative writ was issued on March 18, 1968. The only issue is whether the county is authorized to expend welfare funds for this purpose. We hold that it is.

Before the matter was adjudicated in juvenile court, a stipulation was entered between the welfare department and Mrs. Munkelwitz, the parent, by the terms of which she agreed to discontinue writing checks on pain of contempt. The stipulation further provided that in the event she again wrote checks without sufficient funds or if she wrote as many as five checks, with or without sufficient funds, her parental rights would be subject to termination. On June 20, 1966, Mrs. Munkelwitz was cited for contempt for failing to pay bills as they became due and for failing to provide medical excuses for the absence from school of five of her children. She was found guilty, sentenced to 90 days in the Women's Detention Center, and confined for 27 days before she was paroled.

The original juvenile court hearing was continued until December 13, 1966, when additional testimony was taken. It resulted in an order dated January 9, 1967, terminating Mrs. Munkelwitz' parental rights and committing her children to the guardianship of the Department of Public Welfare. Her motion for a new trial was denied and she perfected this appeal on February 3, 1967.

Since June 30, 1966, Mrs. Munkelwitz has been represented by the Legal Aid Society of Minneapolis, Inc., and they have provided counsel for her appeal. Because there is no transcript, the matter has not yet been briefed or argued.

In February 1967, Mrs. Munkelwitz applied to this court for an order requiring the district court to furnish her a transcript of the juvenile court proceedings at public expense. The application was denied because we were of the opinion there was no provision in the law for requiring a free

transcript in a civil action. Munkelwitz v. Hennepin County Welfare Department, 276 Minn. 554, 150 N. W. (2d) 24.

All of the parties have acquiesced in the petition which is before us. They have now called our attention to Jenswold v. St. Louis County Welfare Board, 247 Minn. 60, 76 N. W. (2d) 639, decided in 1956, which, according to the trial judge, would have induced a different result had it been cited earlier. However, because of our prior ruling in this case, the court felt obliged to deny the petition.

In Jenswold a natural parent brought habeas corpus proceedings to regain custody of her child. For the purpose of perfecting an appeal, the mother secured an order from the district court requiring the county welfare board to provide funds with which to employ counsel. Thereupon, a taxpayer petitioned this court for a writ of prohibition. We held that the disbursement was authorized if the welfare department first made a determination it was a necessary and proper one. We pointed out that there was nothing in the statutes prohibiting the use of welfare funds for legal expenses and that Minn. St. 256.85 strongly supports a liberal policy designed "to keep the family together in the same household." The words "food, clothing, shelter, medical care, and supplies, other necessities of life," as used in Minn. St. 1957, § 261.15(4), were construed to include legal assistance. Although § 261.15(4) was expressly repealed in 1961 as part of a bill to eliminate obsolete provisions, L. 1961, c. 561, § 17, apparently it had already expired by its terms on December 31, 1950, under L. 1949, c. 411. Therefore, its inclusion in the 1957 general statutes seems to have been inadvertent. However, Minn. St. 261.03, which authorizes "such support or relief as the case may require" is sufficiently broad so that it has been cited as expressing the public policy of this state to provide those who are indigent with the "necessities of life" at public expense. In re Settlement of Beaulieu, 264 Minn. 406, 409, 119 N. W. (2d) 25, 28, note 5.

In the matter before us, the welfare department has not only acquiesced in the expenditure but is the moving party. We are of the opinion that the circumstances here compel a finding as a matter of law that a transcript is a necessity which must be paid for out of appropriate welfare funds. In reaching this conclusion we are persuaded by a well-reasoned

opinion of the Iowa court in Chambers v. District Court of Dubuque County (Iowa) 152 N. W. (2d) 818, a civil dependency matter which was decided after we handed down our opinion in the first Munkelwitz case. There the court had the same question before it. In authorizing a free transcript the court referred to sections of the Iowa statute which find their counterparts in the Minnesota Juvenile Court Act. It pointed out that litigants in juvenile court are entitled to a full and complete review on appeal (Minn. St. 260.291); that the act is to be liberally construed ( § 260.011); that a parent unable to employ counsel shall be furnished counsel by the court (§§ 260.155, subd. 2, and 260.251, subd. 2[e]); and that provision is made for keeping a record of juvenile court proceedings ( §§ 260.161 and 260.041). The court concluded by holding (152 N. W. [2d] 821):

"* * * It requires no authority to demonstrate that an appeal de novo without a transcript of the evidence upon which that appeal is based is, in effect, no right of appeal at all. It would be a strange interpretation of chapter 232 indeed if we should find that the legislature specifically gave plaintiff the right to appeal; that it specifically provided that all proceedings in juvenile court should be reported; that it specifically provided for the appointment of counsel for indigent persons, but that it nevertheless refused to permit plaintiff to pursue her statutory right of appeal solely because she was unable to afford a transcript. We are unwilling to so hold.

"We find therefore that plaintiff is entitled to a transcript of the hearing held in juvenile court, and that the county must provide such a transcript without cost to plaintiff."

Since our prior decision in these proceedings, the United States Supreme Court has dealt extensively with the question of juvenile court procedure in In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. ed. (2d) 527. Although the court did not find it necessary to decide whether an indigent delinquent must be furnished a free transcript, the opinion strongly underscores the necessity for according litigants in juvenile court all of the procedural due process customarily granted to defendants in criminal court.

We have concluded, therefore, that in an appeal from civil proceedings which have resulted in the irrevocable termination of a parent-child relationship, an indigent parent who is thus aggrieved is entitled to a free transcript, the cost of which shall be assumed by the county out of appropriate welfare funds. Our decision in Munkelwitz v. Hennepin County Welfare Department, 276 Minn. 554, 150 N. W. (2d) 24, is accordingly overruled.

Let a peremptory writ of mandamus issue.