Margie **MAEBERRY**, Plaintiff,

v.

**HOUSING AND REDEVELOPMENT AU-
THORITY OF DULUTH, MINNE-
SOTA, et al., Defendants.**

**No. 5–71 Civ. 65.**

United States District Court,
D. Minnesota,
Fifth Division.

Aug. 30, 1971.

Friedman & Friedman, Duluth, Minn., by Newton S. Friedman, Duluth, Minn., for plaintiff; Michael Wetherbee, of the Minnesota Civil Liberties Union, of counsel.

Hamerston, Bye & Mitchell, Duluth, Minn., by Richard L. Bye, Duluth, Minn., for defendants Housing and Redevelopment Authority of Duluth and Dennis R. Norlander, its director.

Bruce L. Anderson, Asst. County Atty., St. Louis County, for St. Louis County Welfare Department.

## MEMORANDUM

NEVILLE, District Judge.

Plaintiff is a tenant in premises owned and managed by the Housing and Redevelopment Authority of Duluth, Minnesota. July 1, 1971 by certified letter plaintiff was notified of a hearing to be held on Tuesday, July 20, 1971 in the offices of the Housing and Redevelopment Authority. The notice read in part as follows:

"The purpose of the hearing is to give you an opportunity to reply to the following charges:

1. Failure to pay charges required by your lease.

2. Threatening employees and tenants with bodily harm.

3. Physical damage caused to apartment.

You are further advised that you have a right to be representated [sic] by legal counsel at this conference."

July 7th Mr. Newton S. Friedman, acting on plaintiff's behalf, responded by letter in part as follows:

"You have notified her that she has the right to be represented by legal counsel. It is herewith requested and demanded that you either appoint neutral counsel for Mrs. Maeberry or that you indicate your willingness to compensate her for the employment of neutral legal counsel.

I have also requested the St. Louis County Welfare Department to arrange for this  . . .."

July 9th Mr. Friedman was advised by letter from the Housing and Redevelopment Authority that there is no provision for employment of counsel nor means of compensation. Meantime Mr. Friedman wrote the St. Louis County Welfare Department as follows:

"Mrs. Marjorie Maeberry has been served by the Housing and Redevelopment Authority of Duluth, Minnesota, with notice to appear at a hearing on certain charges extended by the Housing Authority. It is hereby requested that her allowance from you be increased in such an amount as to enable her to hire private counsel to defend herself at this hearing."

This request was denied by letter dated July 12th from the Welfare Department to Mr. Friedman.

Apparently plaintiff appeared at the hearing on July 20, 1971 but as plaintiff's counsel asserts, "was unable to make her position clear" since she was not represented by counsel. Following the hearing, a letter issued July 21st from the Housing and Redevelopment Authority notifying plaintiff to vacate the premises no later than August 31, 1971. Subsequently Mr. Friedman referred the plaintiff to the Legal Aid Society in Duluth, which Society assigned a law student, then employed to work with the Society, to represent plaintiff and appear for her before the Housing

and Redevelopment Authority. Another hearing date was obtained. The plaintiff however was out of the City at the time of the re-scheduled hearing, and the representative of the Legal Aid Society being unable to reach her, and Mr. Friedman being unwilling to act any further in the matter, no appearance was made at the second hearing. As the case now stands, the eviction notice will become effective as of August 31, 1971.

Plaintiff claims that she is being denied procedural due process and brings this action under the Civil Rights Act, 42 U.S.C. §§ 1981, 1983 and 1985. For whatever reason, Mr. Friedman refused to appear for her at the Housing and Redevelopment hearing, and in response to questions in open court, still refuses so to do. His contention is that someone should provide her counsel and he stated that should someone appoint him as counsel, he would act.

The Housing and Redevelopment Authority advises that it has no authority to pay for counsel. The Welfare Department takes the position that it is not required to furnish counsel and that though it may or might do so in some instances, it has as a discretionary matter declined to do so in this case.

The question for decision is whether plaintiff has been denied procedural due process in violation of the Fourteenth Amendment because of non-timely and inadequate notice, and because neither the St. Louis County Welfare Department nor the Housing Authority supplied her with an attorney, or funds to obtain an attorney.

■ It is clear that the government cannot deprive a private citizen of his continued tenancy without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1969). The court also is cognizant of the well accepted, general proposition that "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). With these points in mind concerning the due process clause, the court must determine which cases define the scope of its application.

The court concurs with the conclusion reached in Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. 1970), and in Caulder v. Durham Housing Authority, 433 F.2d 999, 1004 (4th Cir. 1970), that Goldberg, supra, a case dealing with the termination of welfare benefits, is "equally applicable to the hearing to be afforded tenants of public housing before the determination to evict them." As the court observed in Caulder, supra, 433 F.2d at 1004:

"Succinctly stated, Goldberg requires (1) timely and adequate notice detailing the reasons for a proposed termination, (2) an opportunity on the part of the tenant to confront and cross-examine adverse witnesses, (3) the right of a tenant to be represented by counsel, provided by him to delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination and generally to safeguard his interests, (4) a decision, based on evidence adduced at the hearing, in which the reasons for decision and the evidence relied on are set forth, and (5) an impartial decision maker. We refer to Goldberg and Escalera for further elaboration of these requirements."

■ Relating this language to the case at bar, the court concludes that the plaintiff was given timely and adequate notice. In Goldberg, a local, mandatory procedure dictated that notice be given at least seven days prior to its effective date. Concerning this procedure, the United States Supreme Court in Goldberg, supra, 397 U.S. at 268, 90 S.Ct. at 1020, stated:

"We are not prepared to say that the seven-day notice currently provided by New York City is constitutionally insufficient per se, although there may be cases where fairness would require that a longer time be given."

646

Assuming *arguendo* that the case at bar is one in which "fairness would require that a longer time be given," the fact remains that the plaintiff was afforded notice nineteen days prior to its effective date, i. e., over two and one-half times that sustained in *Goldberg*.

The next question presented is whether the notice was adequate. In *Escalera supra*, 425 F.2d at 858, the plaintiffs received the following notification of their non-desirable conduct:

> "Mr. and Mrs. Rolle: 'Record of anti-social activities and arrests of your son, Fred, Jr., constituting a threat to the peace and safety of the community.'
>
> Mr. and Mrs. Humphrey: 'Illegal acts of Mr. Humphrey, having an adverse effect on the project and its tenants.'"

This same court held at p. 862 as follows:

> "The purpose of requiring that notice be given to the tenant before the hearing is to insure that the tenant is adequately informed of the nature of the evidence against him so that he can effectively rebut that evidence. The instant one-sentence summary notices are inadequate for this purpose. Willner v. Committee on Character & Fitness, 373 U.S. 96, 105, 107, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963). . . . The one-sentence notices sent to the present appellants were insufficient to notify them even of the particular conduct thought by the TRB to be most serious."

In the case at bar, however, plaintiff was notified as above quoted of the particular conduct thought to be most serious comprising three specific charges.

■ Plaintiff had two opportunities for a hearing so as to be able to confront and cross-examine adverse witnesses and explain her position. She apparently left town and could not be located at the time of the second hearing date. Her desire to remain in the premises could not have been considered overly important by her when she treats it so cavalierly. The second requisite of *Goldberg* thus has been met, namely, "an opportunity" to confront and cross-examine witnesses.

■ The third pertinent requisite delineated by the *Goldberg* case deals with "the right of a tenant to be represented by counsel, *provided by him*." [Emphasis supplied.] The specific language occurs in *Goldberg, supra*, 397 U.S. at 270, 90 S.Ct. at 1022, as follows:

> "We do not say that counsel must be provided at the pre-termination hearing, *but only that the recipient must be allowed to retain an attorney if he so desires*." [Emphasis added.]

The court must conclude that this requirement was adhered to in the present case. The plaintiff was given notice that she would be allowed to retain an attorney if she so desired. Furthermore, the record shows that for purposes of the second hearing, plaintiff was represented by the Legal Aid Society of Duluth.

■ The only question remaining is whether the Welfare Board or the Housing Authority should be required to provide counsel for plaintiff. The court does not disagree with the two Minnesota cases cited by the plaintiff. Jenswold v. St. Louis County Welfare Board, 247 Minn. 60, 76 N.W.2d 639 (1956), and Munkelwitz v. Hennepin County Welfare Department, 280 Minn. 377, 159 N.W.2d 402 (1968). These cases, however, are not applicable to the case at bar. The court does not take issue with the proposition that plaintiff does have a right to counsel. This plaintiff wants the court to go farther, however, and select one of the defendants and require them or it to provide and pay for counsel. This the court cannot do absent a legislative directive. The two cases cited do not support the position here asserted by plaintiff and this court lacks the necessary legislative authority to order as plaintiff would desire. An analysis of the fact situation involved in plaintiff's two cases show salient distinguishing features from the present facts. In each of the above cases an appeal was involved. Also, the *Munkelwitz* case *supra*, 159 N. W.2d at 404 concerned an indigent who

was entitled to a free transcript of proceedings in juvenile court. The *Jenswold* case *supra,* 76 N.W.2d at 641 dealt with payment from public funds of the legal expenses of an applicant in connection with her appeal in habeas corpus proceedings involving custody of her infant child.

Plaintiff's counsel came directly to the United States District Court after having been denied his request by the Housing Authority and the Welfare Department. She did not exhaust her administrative remedies before the county welfare board and the commissioner of public welfare.

In any event, however, the court does not believe that it has the legislative authority to order either or any of the defendants to expend money for the purpose of employing counsel, nor to void the Housing and Redevelopment proceedings because thereof.

Thus, since it seems to the court that plaintiff's chances of probable success on the merits at a trial are very slight at best, a Temporary Restraining Order should not issue.