594

Bonitz Brothers, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Wymes), Respondents.

Submitted on briefs September 14, 1983, to Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*Paul L. Zeigler, Goldberg, Evans & Katzman,* P.C., for petitioner.

*Sandra L. Meilton, Hepford, Swartz, Menaker & Morgan,* for respondent, Irene Wymes.

OPINION BY JUDGE BARBIERI, April 19, 1984:

Bonitz Brothers, Inc., Petitioner, comes before us in this workmen's compensation case with the sole contention that the Workmen's Compensation Appeal Board (Board) erred in affirming an award by a referee of travel expenses incurred by Irene Wymes (Claimant), in connection with out-of-state medical care. We will affirm.[1]

Claimant has been under continuous medical care since she sustained a work-related injury on March 8, 1980 and the insurance carrier has been paying medical expenses throughout that period. Having failed to obtain relief, after a discussion with her attending physician in her home area, on her suggestion, she was referred by the physician to a New York surgeon who had successfully performed surgical services on her for a previous and unrelated problem at a time when Claimant was living in New York City. When approached by Claimant, the carrier agreed to pay the charges for the surgical and medical care to be performed by Dr. Elie J. Sarkis in New York. Apparently, after tests were done preliminarily in Pennsylvania, the carrier agreed to and did write a letter to Dr. Sarkis authorizing and agreeing to pay for surgery and other medical care performed by him on Claimant. The letter to Dr. Sarkis contained no mention of travel expenses, nor did the referee find that the carrier had agreed to pay travel expenses.

The carrier contends that it has been paying Claimant's medical expenses even when performed by physicians outside of her home area, but has no obliga-

---

[1] This case was reassigned to this author on January 31, 1984.

tion to pay such expenses required by Claimant in order to get the treatment in New York City.

This issue, of course, is to be considered in light of the medical services provisions of Section 306(f)(1) of The Pennsylvania Workmen's Compensation Act (Act),[2] in which the relevant portion provides:

> The employer shall provide payment for reasonable surgical and medical services, . . . and supplies, as and when needed. . . .

Obviously, the question before us is whether or not the travel expenses required to obtain the medical services in New York City in this case are "reasonable" and fall within the scope of medical services "as and when needed." Before the referee and here, Claimant has contended that a contract obligation arose by virtue of the carrier's letter to Dr. Sarkis under which she argues the carrier obligated itself to pay travel expenses as an incident to the medical services which it authorized and for which it agreed to pay.[3] The carrier, on the other hand, maintains that not only was there no contract to pay travel expenses, but such expenses are not authorized by the Act, relying upon the Superior Court case of *Goliat v. Butler Consolidated Coal Co.*, 155 Pa. Superior Ct. 254, 38 A.2d 727 (1944). It was there held, however, that the medical services provided by the employer at a distance of three and a half to four and a half miles from the work place constituted "reasonable" services, and the

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531(1).

[3] The insurance carrier's supervisor admitted that it was obligated to, and did pay claimant's medical bills without prior approval, so that the written authorization was unnecessary. Claimant argued that the written authorization, being unnecessary for payment for the medical care, was obviously to insure payment of traveling expenses, especially since during the discussion of the New York care, there was no indication that the cost of getting to and from the authorized treatment would not be paid.

court accordingly denied travel expenses claimed for twelve and a half miles each way from Claimant's home. The court in *Goliat* stated:

> But instead of stopping at the physician's office either on his way to or from the mine (his excuse was that he was carrying fellow workers) his trips to the physician's office were made from his home which required him to drive twelve and a half miles each way or a round trip distance of twenty five miles.

*Id.* at 256, 38 A.2d at 727. It was also noted in *Goliat* that the employer "did not even know that claimant was continuing his treatments with the physician until after the completion of the treatments and the claim for reimbursement was made." *Id.* at 256, 38 A.2d at 727.

Finally, the suggested significance of *Goliat* may well be questioned in light of the Superior Court's subsequent decision in *Toland v. Murphy Brothers,* 172 Pa. Superior Ct. 484, 94 A.2d 156 (1953), where the court rejected the contention that private nursing care should not be paid for by the employer, since the specific provision for nursing care in Section 306(f), as with travel expenses, had been amended out of the Act. While there may be distinguishing characteristics in *Toland,* the court held that such expenses were part of the required medical (hospital) treatment and, therefore, were reimbursable by the employer.

In any event, we feel that the decision in this case is controlled by our holding in *City of New Castle v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982), where we sustained an award under Section 306(f)(1) of the Act for a claimant's travel expenses to obtain heart surgery in Houston, Texas. Indeed, the instant case is

stronger for the claimant than was the case in *New Castle*. There the employer was contesting both medical expenses and travel expenses for the heart catheterization and subsequent open-heart surgery, while here, not only was the medical care and surgery in New York uncontested, but, as previously noted, the carrier approved such medical care in writing. In this case, also, as in *New Castle,* local attending physicians made the reference to the physician in the distant city. Furthermore, while the referee did not specifically resolve the issue involved here in his "FINDINGS OF FACT," he did state in his "DISCUSSION": "I found that the claimant's expenses were reasonable. She stayed at friends or relatives in New York City and used the most direct and least expensive method of transportation."

We hold, therefore, that the travel expense in the instant case, being a reasonable and necessary incident to the authorized medical services provided to Claimant in New York City and "needed" to make such services available, is properly included in "reasonable surgical and medical services ... and supplies, as and when needed," which must be provided by the employer under the terms of Section 306(f)(1) of the Act.

Accordingly, we will affirm.

ORDER

Now, April 19, 1984, the order of the Workmen's Compensation Appeal Board at No. A-83356, dated November 18, 1982, is affirmed.

---

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. Section 306(f)(1) of The Pennsylvania Workmen's Compensation Act (Act)[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531(1).

formerly required that the employer provide payment for "transportation to and from the place where such [medical] services are rendered." This requirement, however, was omitted by the 1939 amendment to the Act.[2] In *Goliat v. Butler Consolidated Coal Co.,* 155 Pa. Superior Ct. 254, 38 A.2d 727 (1944), the Superior Court held that the omission of this requirement "clearly indicates an intention on the part of the legislature to do away with the requirement that the employer pay for transportation to and from the physician's office." 155 Pa. Superior Ct. at 256, 38 A.2d at 727.

Further, the holding in *Goliat* was not affected by the subsequent decision in *Toland v. Murphy Brothers,* 172 Pa. Superior Ct. 484, 94 A.2d 156 (1953), as the majority has suggested. In that case, the court held that nursing services were compensable under the Act despite the fact that the 1939 amendment deleted a former provision for the recovery of "nursing services." The court reasoned that, despite this deletion, the 1939 amendment retained a separate provision for the recovery of "hospital services," which, prior to the 1939 amendment, had been interpreted to include nursing services. Thus, the deletion of the separate provision for nursing services was held to be "without significance." 172 Pa. Superior Ct. at 491, 94 A.2d at 159.

In the present case we are concerned with the interpretation of "medical services" rather than that of "hospital services." In contrast to the facts in *Toland,* the term "medical services" has never been interpreted to include transportation expenses. Thus, the deletion of the separate provision for "transportation expenses" by the 1939 amendment becomes significant, and should be taken as an intent by the

---

[2] Act of June 21, 1939, P.L. 520.

legislature to exclude recovery for such expenses. *See Deremer v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 415, 433 A.2d 926 (1982).

Finally, I cannot agree that this Court's decision in *City of New Castle v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982), is controlling in the present case. Not only was the issue of travel expenses not specifically addressed in *New Castle,* but that case can be distinguished on its facts. In *New Castle,* the claimant underwent continuous hospitalization for a heart ailment at various local hospitals. As a result of his treatment, he was "sent to a Houston, Texas hospital to undergo by-pass surgery." 65 Pa. Commonwealth Ct. at 27, 441 A.2d at 805. We must bear in mind that at the time of this treatment in 1977 such by-pass surgery was not commonplace. Thus, the transportation involved in that case was an integral part of the ongoing medical treatment being prescribed for the patient. As such, it could be considered as part of the "reasonable medical services" for which compensation was required under the Act.

In contrast, the facts as found by the referee in the present case indicate that the transportation was undertaken because of Claimant's dissatisfaction with local physicians, despite the finding that they were competent and providing reasonable medical services. In addition, the referee made no finding that Claimant was referred to New York by her local physicians, but found rather that she was allowed to seek treatment in New York upon her own request. This conclusion is supported by the evidence which indicates that the only possible referral to a New York physician was made by a physician giving a second opinion, and that despite this referral Claimant continued

treatment with her local physicians before eventually deciding to seek treatment in New York on her own. Thus, the travel here was the result of a purely voluntary decision on the part of Claimant. Unlike *New Castle,* the travel was not itself a necessary or integral part of the prescribed treatment and should not be considered a part of the "reasonable medical services."

Accordingly, I would reverse the decision of the Board.