513 A.2d 566

Harbison-Walker Refractories and Commercial Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Huntsman), Respondents.

Argued October 7, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Raymond F. Keisling, Will and Keisling,* for petitioners.

*Neil M. Shukovsky, Galfand, Berger, Senesky, Lurie & March,* for respondent.

*David H. Wilderman,* for Amicus Curiae, AFL-CIO of Pennsylvania.

*Terry W. Knox,* with him, *Mary Ann Rossi, Mac-Elree, Harvey, Gallagher, O'Donnell & Featherman, LTD.,* for Amicus Curiae, Lukens Steel Company.

OPINION BY JUDGE DOYLE, July 31, 1986:

This is an appeal by Harbison-Walker Refractories (Employer) and Commercial Insurance Company, Employer's insurer, from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision allowing reimbursement of travel expenses incurred by Clinton P. Huntsman (Claimant) for travel in connection with medical treatment.

Claimant suffered a compensable back injury on December 27, 1976. He was paid benefits pursuant to a notice of compensation payable for various periods of disability. Claimant's petition was filed solely for the purpose of obtaining reimbursement for travel expenses to and from Claimant's home, in Mount Union, Pennsylvania, to the J.C. Blair Memorial Hospital, in Huntingdon, Pennsylvania, for physical therapy treatments (a thirty-nine mile round trip). The referee awarded travel expenses of $658.12 and the Board affirmed. The sole issue on appeal is whether travel expenses are reimbursable under Section 306(f) of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. §531. Section 306(f) provides in pertinent part:

> The employer shall provide payment for reasonable surgical and medical services, . . . and supplies, as and when needed. . . .

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

This Court first allowed recovery of such expenses in *City of New Castle v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982). *New Castle*, however, contained no discussion of the issue but merely allowed the reimbursement. More recently, in *Bonitz Brothers, Inc. v. Workmen's Compensation Appeal Board (Wymes)*, 81 Pa. Commonwealth Ct. 594, 474 A.2d 393 (1984), this Court considered at some length the question of whether Section 306(f) permits reimbursement for travel expenses. The majority in *Bonitz* was apparently unpersuaded by the argument that the legislature intended, by its deletion from Section 306(f) of language specifically allowing for transportation expenses, that such expenses no longer be reimbursable. *Bonitz* reasoned instead that the term "medical services" in Section 306(f) included travel expenses and thus that such expenses were reimbursable if reasonable. Thus, to the extent that Employer asserts that the deletion in language has indicated a legislative intent to prevent recovery of such expenses, that question has been dealt with in *Bonitz* which controls here.

The question thus becomes whether the travel expenses required to obtain the medical services were reasonable. *Bonitz*, in assessing the reasonableness factor, considered *inter alia*, whether the Employer was aware of the long distance treatments and whether the employer had contested the underlying liability. In *Bonitz*, as here, the employer was aware of the distance and did not dispute its underlying liability for the injury.

Another relevant consideration in *Bonitz*, although not specifically held to be a prerequisite to obtaining reimbursement for travel expenses, was whether the claimant was specifically referred to the distant location for the treatment.[2] The majority noted that there was

---

[2] While testimony that one was referred to a specific distant locale is not *required* under *Bonitz* it is an important, even if not

such a referral in *Bonitz*. In the instant case, while there is no specific testimony or specific finding on whether Claimant was referred to J.C. Blair Memorial Hospital in particular, Claimant did give unrebutted testimony that two of his doctors instructed him to undergo physical therapy. Related to the question of whether there was a referral is the question of whether the treatment was available at a closer location. The record in the instant case, unfortunately, contains no testimony on this point. While this is not fatal inasmuch as no such testimony is required under *Bonitz*, it is, like testimony on referral, highly desirable because of its relevance to the question of reasonableness.

Finally, although not required by the *Bonitz* majority, a finding that the long distance treatment comprises an integral part of the ongoing medical treatment is another indicia of reasonableness.[3] The referee in the instant case clearly did find that the therapy, which consisted of seventy-five treatments over the period from January 10, 1977 to October 18, 1980, was related to the original injury. We thus have adequate evidence of reasonableness in the instant case.

Based upon the foregoing discussion we hold that the award of travel expenses was not statutorily precluded and was, under the instant facts, permissible. The order of the Board is affirmed.

---

essential factor, in that it is highly relevant to establish reasonableness. It is unlikely that a claimant's mere whim to seek treatment for a routine medical problem in Hawaii in January would be held reasonable and a claimant's entirely subjective dissatisfaction with a local doctor or hospital may be equally suspect.

[3] *See Bonitz*, 81 Pa. Commonwealth Ct. at 600, 474 A.2d at 396 (DOYLE, J., dissenting).

ORDER

Now, July 31, 1986, the order of the Workmen's Compensation Appeal Board, No. A-85814, dated April 26, 1984, is hereby affirmed.