520 A.2d 1261

Roadway Express, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Ostir), Respondents.

Submitted on briefs September 12, 1986, to Judges MacPhail and Palladino, and Senior Judge Blatt, sitting as a panel of three.

*Richard L. Bush,* for petitioner.

*Terrence V. Gallagher,* for respondent, Michael Ostir.

OPINION BY JUDGE PALLADINO, February 12, 1987:

Petitioner, Roadway Express, Inc., appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's order granting Michael Ostir's (Ostir) claim petition and directing Petitioner to pay for Ostir's treatment at a pain clinic, transportation costs and counsel fees.

The undisputed facts are that on March 20, 1981, Ostir sustained a back injury in the course of his employment with Petitioner. As a result of this injury, Ostir was hospitalized and came under the treatment of Dr. Laszlo Kiraly. Examination of Ostir revealed spasms of the left para spinal muscles with pain on pressure. Ostir was again hospitalized in June, 1981 when he underwent intensive conservative treatment. However, his improvement was minimal.

Ostir was referred to a specialist, Dr. Severino Piczon, because of his recurrent pain. Physical therapy and exercise did not produce improvement in Ostir's condition. Dr. Piczon could not provide Ostir with further beneficial therapy and, he recommended that Ostir attend a pain clinic. Dr. Kiraly also recommended a pain clinic and referred Ostir to the Our Lady of

Lourdes Memorial Hospital Pain Clinic in New York. After examination at the pain clinic, the examining doctor prescribed that Ostir attend the clinic for approximately four weeks.

At that time Ostir was receiving maximum weekly temporary total disability benefits but, in September, 1981, he filed a Claim Petition for additional medical services requesting prior authorization for treatment to be rendered at the pain clinic. Petitioner protested and a hearing was held. The referee concluded that the recommended medical treatment at the pain clinic was reasonable and necessary. The Board affirmed the referee, and Petitioner appealed to this Court. Petitioner asserts that the referee's determinations were not supported by substantial evidence, transportation costs were improperly awarded, and the imposition of counsel fees was in error.

On appeal, our review of an administrative agency's action is limited to a determination of whether the adjudication is in violation of the constitutional rights of the Petitioner, is not in accordance with the law, or whether a finding of fact necessary to support the agency's adjudication is unsupported by substantial evidence. 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Petitioner first asserts that the referee's finding that attendance at the pain clinic was reasonable and necessary was in error. Our first inquiry, then, is to determine whether this finding is supported by substantial evidence.

Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act) states that "[t]he employer shall provide payment for reasonable surgical and medical services . . . and supplies as and when needed."[1] The

---

[1] Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531.

record reflects that Ostir's two treating physicians could not provide relief to Ostir for his recurring pain. Both doctors recommended that Ostir attend the pain clinic for a period of four weeks. The referee specifically accepted these medical opinions and recommendations as credible. Therefore, the referee's conclusion that the course of medical treatment was necessary and reasonable is supported by substantial evidence.

Petitioner contends, however, that because its physician, who examined Ostir, opined that Ostir's medical condition had never been properly diagnosed, the referee's determination as to reasonableness was in error.[2] This argument is without merit. The referee, as fact finder, may weigh evidence presented, and he may accept or reject expert medical testimony. *Hoffman v. Workmen's Compensation Appeal Board (Mitchell Transport, Inc.)* 87 Pa. Commonwealth Ct. 44, 485 A.2d 1235 (1985).

Further, Petitioner argues that the referee's conclusions were in error in light of its offer to pay for outpatient treatment and evaluation by an orthopedic surgeon, neurologist and a psychologist. This contention is also meritless because under Section 306(f) of the Act, an injured employe may secure medical services from any licensed practitioner of his own choosing and is to be reimbursed for the cost of such services, only if the employer does not tender such services and designate

---

[2] Petitioner takes issue with the referee's finding of fact that Ostir's refusal to undergo a CAT scan is of no consequence. Petitioner has not presented evidence to us that they petitioned the Board to order Ostir to submit to the CAT scan. As such Ostir's refusal to submit to the CAT scan was of no consequence. Further, we note that Ostir did voluntarily submit to a physical examination by Petitioner's physician. Section 314 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §651.

five physicians from which the employe must choose. *Workmen's Compensation Appeal Board v. Overmyer Mold Company,* 20 Pa. Commonwealth Ct. 456, 342 A.2d 439 (1975). Although in the instant case, the employer may have tendered an offer for services on an out-patient basis, there is no evidence of record, and Petitioner does not contend, that the required designation of five physicians was presented to Ostir. Therefore, Ostir was under no obligation to accept Petitioner's offer of medical treatment on an out-patient basis.

Next, Petitioner claims the award of transportation costs was not "reasonable" and fell outside the scope of "medical services" to be provided by the employer in accordance with Section 306(f) of the Act. This issue has already been addressed and decided in *Bonitz Brothers, Inc. v. Workmen's Compensation Appeal Board (Wymes),* 81 Pa. Commonwealth Ct. 594, 474 A.2d 393 (1984) and *City of New Castle v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982). In *Bontiz Brothers, Inc.* the claimant was referred to a New York surgeon to obtain treatment for a work-related injury and we held that the travel expense, being

> a reasonable and necessary incident to the authorized medical services provided to claimant in New York City and 'needed' to make such services available, is properly included in 'reasonable surgical and medical services . . . and supplies, as and when needed,' which must be provided by the employer under the terms of Section 306(f)(1) of the Act.

In the case at bar, Ostir was referred by two physicians to the New York clinic and, the referee found that the attendance at the clinic was reasonable and necessary. Therefore, travel expense, to and from the pain clinic, is a reasonable and necessary incident to the au-

thorized medical services. Further, Petitioner did not present evidence of an available local pain clinic, therefore, travel to New York was "needed" to make such medical services available. We conclude that the award of transportation costs was reasonable and fell within the scope of medical services to be provided by Petitioner in accordance with Section ·306(f) of the Act.

Lastly, Petitioner asserts that the imposition of counsel fees was in error because a reasonable basis of contest was established.

Section 440 of the Act provides the general rule that counsel fees will be awarded to a successful claimant except when a reasonable basis for the contest has been established.[3] Petitioner has presented on appeal the question of whether the referee committed an error of law by awarding transportation costs in light of testimony presented by Petitioner's doctor that local alternative treatment on an out-patient basis was available to Ostir. This constitutes a reasonable basis to contest, and the award of counsel fees was in error.

For the foregoing reasons we affirm the referee's order as to Petitioner's liability for payment of costs of treatment at the pain clinic and transportation costs,

---

[3] Section 440 of the Act provides in pertinent part:
In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical ·examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established[.]
77 P.S. §996.

but we reverse the order directing Petitioner to pay counsel fees.

### ORDER

AND NOW, February 12, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed as to the award of costs of treatment at the pain clinic and transportation costs and reversed as to the award of counsel fees.