616 A.2d 759

**The HELEN MINING COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (Frank TANTLINGER), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided Oct. 22, 1992.

J. Michael Klutch, for petitioner.

Timothy P. Creany, for respondent.

John J. Bagnato, for amicus curiae, Pennsylvania Chamber of Business and Industry.

William R. Caroselli, for amicus curiae, American Federation of Labor Congress of Indus. Organization.

·Before CRAIG, President Judge, and DOYLE, COLINS, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

PELLEGRINI, Judge.

The Helen Mining Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) affirming the Referee's decision to award Frank Tantlinger

(Claimant) travel expenses incurred for medical treatment he received as a result of his work-related injury.[1]

The facts of this case are not in dispute. Claimant, a resident of Bolivar, Pennsylvania, and an employee of Helen Mining Company, sustained a work-related injury to his right knee which required two surgeries. A Notice of Compensation Payable was issued and Claimant began receiving weekly compensation. Claimant later filed a Petition for Review, alleging that despite repeated requests, his Employer failed to reimburse him for mileage expenses he incurred when he saw physicians in Latrobe and Johnstown, Pennsylvania, and underwent physical therapy in Ligonier, Pennsylvania, as a result of his work-related injury. The Employer filed a timely Answer to the Petition, arguing that Claimant's travel expenses were not reimbursable.

At the hearing, Claimant testified that as a result of his work-related injury, he was required to undergo knee surgery on two different occasions with two different doctors—Rodger C. Searfoss, M.D. in Latrobe, Pennsylvania, and George H. Wheeling, M.D. in Johnstown, Pennsylvania, as well as physical therapy in Ligonier, Pennsylvania. Claimant stated that while Dr. Wheeling had been an approved physician on the list provided to him by his Employer, Dr. Searfoss had not. The Referee found that Claimant was entitled to the following travel expenses to see his physicians and his physical therapist because they were reasonable and necessary, but excluded the travel expenses to the hospitals for his surgeries:[2]

- 6 trips to Dr. Searfoss in Latrobe, 37 miles per roundtrip at a cost of .22/mile, totalling $48.84;

- 7 trips to Dr. Wheeling in Johnstown, 41 miles per roundtrip at a cost of .22/mile, totalling $63.14;

1. This case was originally submitted on briefs on January 3, 1992, but pursuant to Internal Operating Procedures, was directed for argument on briefs before the court en banc on September 16, 1992.

2. The Referee inconsistently did not award travel expenses for the surgeries in Latrobe and Johnstown even though they were the impetus behind all of the other travel expenses. Claimant has not appealed from that aspect of the Referee's decision.

- 64 trips to physical therapy in Ligonier, 24 miles per roundtrip at a cost of .22/mile, totalling $337.92.

The Referee then ordered the Employer to reimburse Claimant in the total amount of $449.90 for the mileage.

The Employer filed an appeal with the Board, arguing that reimbursement for ordinary travel expenses for routine medical treatment is not authorized by the Workmen's Compensation Act. The Board affirmed. The Employer then filed this appeal, arguing that Claimant's travel expenses were incurred in the course of seeking routine medical treatment, and Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act) [3] does not provide for the reimbursement of such travel expenses.

To determine whether the legislature intended ordinary travel expenses to be awarded, the legislative history of Section 306(f) of the Act must be examined. Section 306(f) of the Act was originally enacted in 1915 as Section 306(e) of the Act, and addressed the employer's duty to provide medical care for a compensable injury as follows:

> During the first fourteen days after disability begins the employer shall furnish reasonable surgical, medical, and hospital services, medicines and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer.

Section 306(e) of the Act was later amended by the Act of June 4, 1937, P.L. 1552, adding the following language which expressly provided the claimant with compensation for costs of transportation related to those medical services:

> The employer shall also furnish to the employee, or pay the cost of, transportation to and from the place where such services are rendered, and reimbursement for such costs assumed by the employe may be enforced as payments of compensation are enforced.

The 1937 amendment also added language permitting the employer to consult a physician of his own choice.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.

Two years later, however, the Act of June 21, 1939, P.L. 520, specifically amended Section 306(e) to delete the language which provided for the reimbursement of travel expenses and permitted the employee to choose his own physician. That amendment also renumbered Section 306(e) as Section 306(f). Shortly after that amendment, the Superior Court, in *Goliat v. Butler Consolidated Coal Co.*, 155 Pa.Superior Ct. 254, 38 A.2d 727 (1944), denied reimbursement for a four-mile trip to a doctor's office, stating, "The change in the legislation clearly indicates an intention on the part of the legislature to do away with the requirement that the employer pay for the transportation to and from the physician's office." *Goliat,* 155 Pa.Superior Ct. at 256, 38 A.2d at 727.

While the courts of this Commonwealth have consistently recognized that the deletion of the language of Section 306(e) of the Act precludes the reimbursement for ordinary travel expenses, we have interpreted Section 306(f)(1) [4] to allow for the reimbursement of travel expenses if not doing so would otherwise make the necessary medical treatment unavailable. As we stated in *Bonitz Brothers, Inc. v. Workmen's Compensation Appeal Board (Wymes),* 81 Pa.Commonwealth Ct. 594, 598, 474 A.2d 393, 395 (1984), "travel expenses in the instant case, being a reasonable and necessary incident to the authorized medical services provided to Claimant in New York City and 'needed' to make such services available, is properly included in 'reasonable surgical and medical services as and when needed,' which must be provided by employer under the terms of Section 306(f)(1) of the Act."

We have interpreted "reasonable" to include travel expenses incurred for long distance travel if necessary to obtain medical care. *See Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Ostir),* 104 Pa.Commonwealth Ct. 7, 520 A.2d 1261 (1987) (travel expenses reimbursed when claimant sent to a New York pain clinic because his physicians could not provide relief for the recurrent pain he suffered as a result

**4.** Section 306(f)(1) of the Act provides in relevant part that "The employer shall provide payment for reasonable surgical and medical services ... medicines, and supplies, as and when needed ..."

of his work-related injury); and *City of New Castle v. Workmen's Compensation Appeal Board (DeCarbo)*, 65 Pa.Commonwealth Ct. 25, 441 A.2d 803 (1982) (travel expenses reimbursed when claimant sent to a Texas hospital to undergo bypass surgery as a result of his work-related heart attack).

■ Attempting to provide standards identifying the reimbursability of travel expenses, in *Harbison–Walker Refractories v. Workmen's Compensation Appeal Board (Huntsman)*, 99 Pa.Commonwealth Ct. 382, 513 A.2d 566 (1986), we set forth the following factors to be considered in assessing the reasonableness of those expenses:

1) whether the employer was aware of the long distance treatments;

2) whether the claimant was specifically referred to the distant location for the treatment;

3) whether the treatment was available at a closer location; and

4) whether the long distance treatment comprised an integral part of the ongoing medical treatment.

These factors were aimed at balancing the prohibition of awarding travel expenses with the concept that if a claimant had to make long distant or non-local travel to obtain needed medical care, then it was an integral part of that care and identical to the type of "travel expenses" that an employer reimbursed without question, e.g. ambulance service transporting the injured employee from work to a hospital for treatment.

■ The first factor in *Harbison–Walker* requires that the travel is necessary and the distance is reasonable. The second and third factors require claimant to establish that the requisite type and level of care are not available locally, and the distant location is one that patients are normally referred for that type of treatment. These factors establish that the travel is integral to receiving medical care and the place where it was sought was chosen for medical reasons as opposed to personal reasons. The fourth factor requires claimant to travel outside the local area only for treatment which is

necessary for his recovery and not for any treatment above and beyond that which is necessary. This prevents payment of expenses which are unrelated to the actual work-related injury.

▪ To summarize, *Harbison–Walker* requires that if treatment is available locally, and claimant seeks the proscribed treatment locally, other than in exceptional circumstances,[5] any travel expenses incurred going back and forth to the physician or treatment center are not reimbursable. If claimant chooses a physician outside the local area, travel expenses are not reimbursable because claimant has not been prevented from receiving the necessary treatment merely because of travel restrictions. If, however, the necessary treatment is not available locally, Claimant is entitled to be reimbursed for travel expenses as long as it is to a facility where others are or would be referred so that he is not prevented from receiving the treatment he requires.[6]

▪ While the *Harbison–Walker* factors are of great assistance in determining when long distance travel expenses are reimbursable, they do not address when travel is consid-

5. For example, in situations where a claimant is bedridden or physically unable to leave his home because of his work-related disability, is it appropriate for a referee to award reimbursement for costs of an ambulance or other means of transportation so that the claimant can receive medical care which is available locally.

6. This analysis is similar to that laid out in *Scheib v. Workmen's Compensation Appeal Board (Ames Department Store)*, 143 Pa.Commonwealth Ct. 193, 598 A.2d 1032 (1991), regarding suitability of work. In *Scheib*, claimant refused to pursue two available jobs because they were outside of the town in which she lived and she preferred not to drive on ice or snow. Relying on our Supreme Court's holding in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 516 Pa. 240, 532 A.2d 374 (1987), we set forth the standard that as long as an available position offered is within a geographic area where others in the same community would accept employment, a person's personal preference as to where he would like to work is irrelevant as long as he is physically able to perform the available job. *See also* Torrey, *The Common Law of Partial Disability and Vocational Rehabilitation under the Pennsylvania Workmen's Compensation Act: Kachkinski and the Availability of Work Doctrine*, 30 Duquesne L.Rev. 515, 562–564 (1992) ("The new [test under *Scheib* ] sets forth an *objective*, rather than subjective, test as to the type of distance a claimant should be expected to travel." (emphasis in original, p. 564)).

ered local or long distance. What is considered "local" is determined by what is considered "local" by the residents living in the same area as claimant when treatment is not available in the immediate vicinity. If residents of the area routinely commute to where claimant is receiving treatment for similar medical care, then that commute is considered local. However, if residents do not routinely go to the area for treatment to which claimant is referred, then any travel to that area is considered long distance. Whether travel is considered local or long distance is a finding of fact to be made by the Referee. Because each case will be different factually due to the residence of the claimant, the type of treatment, and the location of the available treatment, the Referee's determination shall be based on evidence presented by both the claimant and the employer as to whether the treatment is available within that distance routinely travelled by others who reside in the same area as claimant and are receiving similar treatment.

Claimant, however, urges us to adopt the position that *all* travel expenses should be reimbursed regardless of whether the medical treatment is available locally or at some distant location of Claimant's choosing. The theory behind this argument is based on part of the 1972 amendment to Section 306(f) of the Act [7] which again provided the employee with the right to choose his own physician:

> [T]he employe may select a duly licensed practitioner of the healing arts of his own choice, unless at least five physicians shall have been designated by the employer, or by the employer and the employe's representative by agreement, in which instances the employe shall select a physician from among those designated.

Claimant argues that the right to choose one's physician is provided statutorily and to deny one such a right would be to render the statute meaningless. This argument asks us to ignore that the General Assembly had already enacted and repealed the reimbursement of travel expenses. If the General Assembly had intended all travel expenses to be reim-

7. Act of March 29, 1972, P.L. 159.

bursed, it would have expressly mandated as such as it had in the past. What it intended was the reimbursement of travel expenses when it was necessary to receive medical care. While the General Assembly wanted claimants to have the same right to choose a physician as others who were injured in non work-related incidents, it tempered claimants' choices by placing the same restrictions on those similarly seeking treatment for non work-related incidents, i.e., the physician's location and the cost of travel to reach that location.

In this case, the Referee made no findings regarding the availability of treatment in Bolivar for Claimant's injury or the distance people from that town normally travel for treatment if unavailable in Bolivar. Therefore, we remand this case to the Board to remand to the Referee to make those necessary determinations and alter the award in accordance with the following: If treatment for Claimant was available in Bolivar, he is not entitled to reimbursement of any travel expenses. Similarly, if treatment was not available in Bolivar, but Johnstown, Latrobe and Ligonier are locations where persons from that area normally travel for treatment, Claimant is not entitled to travel expenses. However, if treatment was not available in Bolivar, and any of those three towns are outside of the area where persons from Bolivar normally travel for treatment, Claimant is entitled to the itemized travel expenses for those locations as the Referee noted in his decision.

Accordingly, the decision of the Board is reversed and the case is remanded. Jurisdiction is relinquished.

## ORDER

AND NOW, this 22nd day of October, 1992, the order of the Workmen's Compensation Appeal Board, dated July 31, 1991, No. A90–217, is reversed and remanded for a determination in accordance with our decision. Jurisdiction is relinquished.