**George BARNYOCK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GARDEN STATE TANNING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 4, 1995.

Decided Aug. 30, 1995.

Leser Krasno, for petitioner.

Jane A. Lombard, for appellee.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

George Barnyock (Claimant) appeals from the order of the Workmen's Compensation Appeal Board's (WCAB) reversing a referee's grant of reimbursement for travel to secure medical treatment at the rate of $.09 per mile. We reverse and remand.

Claimant injured his right hand while working for Garden State Tanning (Employer). After Claimant returned to work he filed a petition for review, seeking payment for mileage expenses associated with travel to his doctor and physical therapist between September 14, 1990 and May 30, 1991. Employer refused payment.[1] At the hearing before the referee, only Claimant introduced testimony and evidence concerning his travel, totalling 3,416.6 miles, to several doctors and to physical therapy. The referee specifically found that Claimant was advised by a physical therapist that he would have to attend physical therapy treatments at St. Joseph's Hospital but that this request had not been made by his treating surgeon, Dr. Leinberry. (Referee Finding of Fact 6). The referee also found that Claimant's travel expenses were an integral part of his medical care and that they were reasonable. (Referee Find-

ings of Fact 7 and 9). However, the referee only reimbursed Claimant at the rate of $.09 per mile. (Referee Finding of Fact 8).

The parties filed cross-appeals to the WCAB. Claimant averred that the travel expense rate of $.09 per mile was not in accord with the current case law. Employer averred that the essential findings of fact were not supported by substantial evidence and that the referee erred as a matter of law in awarding reimbursement of travel expenses in connection with Claimant's visit to the *physical therapy appointments*. (22a). In the WCAB opinion reversing the referee, the WCAB formulated Employer's argument differently than that as set forth in Employer's appeal. The WCAB stated that "[Employer] avers that the Referee erred in awarding reimbursement for *local* traveling expenses." (Emphasis added) (WCAB Opinion at 2.) Solely on this misstatement of Employer's reason for appeal, the WCAB quoted the law as follows:

> It is true that mileage expenses for travel to and from a *doctor* are permitted under the Act[2] [,] *Harbison–Walker Refractories v. Workmen's Compensation Appeal Board (Huntsman)*, 99 Pa.Commonwealth Ct. 382, 513 A.2d 566 (1986). However, such travel expenses are not authorized where a Claimant travels to see a *local doctor*. *Helen Mining Co. v. Workmen's Compensation Appeal Board (Tantlinger)*, 151 Pa.Commonwealth Ct. 242, 616 A.2d 759 (1992). In the instant case the Claimant traveled to see a *local doctor*. Therefore, we believe the Referee made an error of law in determining that mileage reimbursement was appropriate.

(Emphasis added) (WCAB Decision at 2–3).

On appeal to this Court, Claimant argues that the WCAB erred as a matter of law in reversing the referee on an issue not before the WCAB and that the evidence presented supports the findings of fact entitling Claimant to travel reimbursement, however at a

---

1. While both the petition for review and the answer only mention reimbursement for travel to and from the doctor, at the hearing before the referee the testimony and evidence concerned not only travel to and from Claimant's doctor but also to the physical therapist at St. Joseph's

Hospital in Reading, Pennsylvania, approximately 40 miles from Claimant's home.

2. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

rate higher than that established by the referee.

██ Before we begin our analysis it will be helpful to review the standards which this Court first identified in *Harbison–Walker* to aid in assessing the reasonableness of travel expenses incurred for long distance travel, if necessary, to obtain medical care. These factors include:

1) Whether the employer was aware of the long distance treatments; 2) whether the claimant was specifically referred to the distant location for the treatment; 3) whether the treatment was available at a closer location; and 4) whether the long distance treatment comprised an integral part of the on-going medical treatment. *Helen Mining Co.,* 151 Pa.Commonwealth Ct. at 248, 616 A.2d at 762.

With these factors in mind, however, we must first note that because the basis of the WCAB's reversal of the referee was not the issue before the WCAB, the WCAB erred in addressing such issue as it was waived, *Helen Mining Co.,* and even if such issue had been properly raised, the WCAB's legal conclusion missed the point because Claimant was seeking reimbursements for transportation costs for visits to his *physical therapist.*

██ Further, in a case such as this one, where the party with the burden of proof is the only party to present evidence, our scope of review is not the substantial evidence test but whether the referee capriciously disregarded the evidence. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service),* 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986). The referee found that Employer was aware of the long distance treatment, that Claimant was advised by a physical therapist to attend physical therapy at St. Joseph's Hospital and that the travel expenses were an integral part of his medical care. While no specific finding was made concerning whether the treatment was available at a closer location, the fact that the referee credited Claimant's testimony that he was told by a physical therapist that he would have to attend physical therapy treat-

ments at St. Joseph's Hospital infers that treatment was not available at a closer location.[3] However, in *Harbison–Walker,* we held that the failure to make such finding was not fatal but only highly desirable because of its relevance to the question of reasonableness. Because the referee found such travel to be reasonable, (Referee Finding of Fact 9) we hold as we did in *Harbison–Walker* that the failure to make such specific finding is not fatal. Therefore, the WCAB erred in reversing the referee.

██ Claimant also challenges the referee's finding that he is entitled to reimbursement of only $.09 per mile for the 3,416.6 miles traveled in treating his work-related injury. While Claimant did not introduce evidence on this issue, in *Williamette Industries v. Workmen's Compensation Appeal Board (Lockett),* 167 Pa.Commonwealth Ct. 164, 647 A.2d 665 (1994), this Court addressed the appropriateness of an employer's voluntary payment of $0.15 per mile for travel expenses. The WCAB had reversed the $0.15 per mile allocation and applied the Internal Revenue Code Standard Mileage Rate (IRCSMR), holding that unless the employer provides evidence that a claimant's expenses are different from the IRCSMR, that standard rate will apply. Based on that holding, and because Employer here presented no evidence, we must remand to the WCAB for application of the IRCSMR.

Accordingly, the order of the WCAB is reversed and remanded for calculation of Claimant's travel expense using the IRCSMR.

### ORDER

AND NOW, this 30th day of August, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the case is remanded for a calculation of Claimant's travel expenses using the IRCSMR.

Jurisdiction relinquished.

---

3. The referee is the final arbiter of credibility and the weight of the evidence when the WCAB takes no additional evidence. *Butler v. Workmen's*

*Compensation Appeal Board (Commercial Laundry, Inc.),* 67 Pa.Commonwealth Ct. 393, 447 A.2d 683 (1982).