**Mary HOLLY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (LUTHERAN HOME AT KANE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 1999.

Decided July 22, 1999.

**154**

Michael J. Koehler, Erie, for petitioner.

Thomas Ollason, Lemoyne, for respondent.

Before FRIEDMAN, J.,
LEADBETTER, J., and LORD, Senior Judge.

FRIEDMAN, Judge.

Mary Holly (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to grant in part Claimant's petition to review medical treatment and/or billing (Petition). We reverse.

Claimant filed her Petition on November 15, 1996 alleging, *inter alia*, that Lutheran Home at Kane (Employer) failed to reimburse her for travel from Bradford to Erie and for travel from Bradford to Franklin for treatment of a work-related injury. Employer and its insurer filed a timely response denying this and other allegations. (WCJ's Findings of Fact, No. 1.)

At a hearing before the WCJ, Claimant testified that she injured her back on September 6, 1992 while lifting a nursing home resident into a chair after the resident had fallen to the floor. Claimant received treatment in the emergency room at Kane Hospital and, afterward, from a local physician named Emmanual F. Hipolito, M.D.[1] Dr. Hipolito referred Claimant to a physician in Erie named Marc Flitter, M.D., who twice performed surgery on Claimant at Hamot Medical Center. While treating Claimant's work injury, Dr. Flitter referred Claimant to another physician in Erie named Dennis G. Cole, M.D., who treated Claimant with steroidal injections. When Claimant became dissatisfied with the progress of her treatment under Dr. Flitter, Dr. Hipolito referred Claimant to a physician in Franklin named John Karian, M.D. (WCJ's Findings of Fact, Nos. 2, 8c.)

In addition to her testimony, Claimant presented as an exhibit a list of her trips to Erie and Franklin for medical treatment. The exhibit indicates that Claimant made twenty-nine trips to Erie from her home in Bradford, a round trip of 204 miles. The exhibit also indicates that Claimant made two trips to Franklin from her home in Bradford, a round trip of 200 miles. The exhibit shows that Claimant's total mileage for medical treatment to Erie and Franklin is 6,316 miles and that, based on the Internal Revenue Service mileage rate of $ .31 per mile, Claimant should be reimbursed $1,957.96 plus interest for her travel expenses. (Claimant's Exh. A; R.R. at 44a.)

1. We note that the WCJ erroneously refers to Dr. Hipolito as Dr. Lipolito.

Based on the evidence presented, the WCJ found that it is not unusual for people from Bradford to travel to Erie or Franklin for medical treatment. (WCJ's Findings of Fact, No. 8c.) Thus, the WCJ concluded that Claimant's travel to Erie and Franklin is deemed "local" travel and is not reimbursable. Claimant appealed to the WCAB, which affirmed the WCJ's decision.

On appeal to this court,[2] Claimant argues that the WCJ and WCAB erred in concluding that Claimant's travel for medical treatment from Bradford to Erie was "local" so that Claimant is not entitled to reimbursement for that travel.

Section 306(f)(1) of The Pennsylvania Workmen's Compensation Act[3] (Act) states that employers shall provide payment for reasonable and necessary surgical and medical services. This court has interpreted section 306(f)(1) of the Act "to allow for the reimbursement of travel expenses if not doing so would otherwise make the necessary medical treatment unavailable." *Helen Mining Co. v. Workmen's Compensation Appeal Board (Tantlinger)*, 151 Pa.Cmwlth. 242, 616 A.2d 759, 762 (1992).

■ In *Harbison–Walker Refractories v. Workmen's Compensation Appeal Board (Huntsman)*, 99 Pa.Cmwlth. 382, 513 A.2d 566 (1986), this court set forth the following factors to be considered in assessing the reasonableness of travel expenses for medical treatment:

1) whether the employer was aware of the long distance treatments;

2) whether the claimant was specifically referred to the distant location for the treatment;

3) whether the treatment was available at a closer location; and

4) whether the long distance treatment comprised an integral part of the ongoing medical treatment.

*Helen Mining Co.*, 616 A.2d at 762. This court has summarized the legal effect of the *Harbison–Walker* factors as follows: (1) if treatment is available locally and the claimant seeks treatment locally, the claimant is not entitled to reimbursement for travel expenses except in exceptional circumstances; (2) if treatment is available locally and the claimant chooses a physician outside the local area, the claimant is not entitled to reimbursement for travel expenses; (3) if treatment is not available locally, the claimant is entitled to reimbursement for travel expenses as long as the claimant travels to "a facility where others are or would be referred...." *Helen Mining Co.*, 616 A.2d at 763. Thus, the initial inquiry in any case involving reimbursement for travel for reasonable and necessary medical treatment is whether the claimant's treatment is available locally.

■ Medical treatment may be considered available locally even if the treatment is not available in the claimant's immediate vicinity. In *Helen Mining Co.*, this court explained how to determine whether a claimant's medical treatment is available locally or outside the local area.

What is considered "local" is determined by what is considered "local" by the residents living in the same area as claimant when treatment is not available in the immediate vicinity. If residents of the area routinely commute to where claimant is receiving treatment for similar medical care, then that commute is considered local. However, if residents

---

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ryan v. Workman's Compensation Appeal Board (Community Health Services)*, 550 Pa. 550, 707 A.2d 1130 (1998).

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531.

do not routinely go to the area for treatment to which claimant is referred, then any travel to that area is considered long distance. Whether travel is considered local or long distance is a finding of fact to be made by the [WCJ]. Because each case will be different factually due to the residence of the claimant, the type of treatment, and the location of the available treatment, the [WCJ's] determination shall be based on evidence presented by both the claimant and the employer as to whether the treatment is available within that distance routinely travelled by others who reside in the same area as claimant and are receiving similar treatment.

*Id.* at 763.

Here, the WCJ found that it is not unusual for people from Bradford to travel to Erie for medical treatment. (WCJ's Findings of Fact, No. 8c.) Thus, the WCJ concluded that because Claimant's treatment was available "locally," Claimant is not entitled to reimbursement for her travel expenses. However, Claimant contends that the record does not contain substantial evidence to support the WCJ's finding. We agree.

■■ There is absolutely no evidence in the record to support the WCJ's finding that the people of Bradford normally travel 204 miles round trip to Erie for medical treatment. Claimant testified about her own need to make the round trip to Erie for her particular medical treatment. However, it is unreasonable to infer from Claimant's testimony, as the WCJ apparently did, that the Bradford community routinely commutes 204 miles round trip to Erie for medical treatment simply because Claimant, acting on referrals from her local doctor, did so in this case.[4] Indeed, the question is not whether *Claimant* usually travels 204 miles round trip to Erie for her medical treatment; the question is whether *others* in Bradford routinely travel that distance to Erie for similar medical treatment.[5]

■ Having determined that the WCJ's finding is not supported by substantial evidence, we must still decide whether travel from Bradford to Erie is local or long distance travel. Under workers' compensation law, a WCJ may order the payment of travel expenses to attorneys who attend depositions more than 100 miles from where a workers' compensation hearing would be scheduled.[6] 34 Pa.Code § 131.67. By analogy, we conclude that, as a matter of law, travel exceeding 100 miles one way for medical treatment is "long distance" travel, not "local" travel, under the *Helen Mining Co.* case. We reach this conclusion because to hold otherwise would penalize claimants who reside in remote areas and who must routinely travel great distances for medical treatment.[7]

4. In support of the finding that the people of Bradford normally travel to Erie for medical treatment, the WCJ mentions only Claimant's testimony that *she* traveled to Erie for medical treatment in this instance. (*See* WCJ's Findings of Fact, No. 8c.)

5. Even if the record contained substantial evidence to support the WCJ's finding that the people of Bradford normally commute to Erie for "medical treatment," such a finding does not address whether the people of Bradford travel to Erie for the particular type of medical treatment that Claimant needed in this case. The people of Bradford may normally commute to Erie for some kinds of medical treatment but not for others. As this court stated in *Helen Mining Co.,* the WCJ's finding as to whether medical treatment is available within or outside the local area will depend on the claimant's residence, *the type of treatment* and the location of the available treatment.

6. In like manner, Pennsylvania courts may order the payment of reasonable expenses for travel to an oral deposition that is more than 100 miles from the courthouse. Pa. R.C.P. No. 4008.

7. The WCAB held otherwise because Claimant had the burden of proof to show that her travel for medical treatment was "long distance" travel. However, because travel that exceeds 100 miles is "long distance" travel as a matter of law, Claimant met that burden simply by presenting evidence of her travel for medical treatment from Bradford to Erie.

Here, Claimant traveled more than 100 miles for medical treatment from Bradford to Erie.[8] Therefore, Claimant is entitled to reimbursement for her travel expenses. Accordingly, we reverse.

## *O R D E R*

AND NOW, this 22nd day of July, 1999, the order of the Workers' Compensation Appeal Board (WCAB), dated January 11, 1999, is reversed. Lutheran Home at Kane shall reimburse Mary Holly forthwith for her travel expenses from Bradford to Erie as set forth in the foregoing opinion.

---

**8.** The WCJ did not make a specific finding that Claimant traveled more than 100 miles from Bradford to Erie. However, we can take judicial notice of the driving distance between two locations. *See* Pa.R.E. 201(b) (a judicial-ly noticed fact must be one not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).