**Richelle BERRIAN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PENNSYLVANIA STATE POLICE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 2003.

Decided July 17, 2003.

---

Richelle Berrian, petitioner, pro se.

Kacey C. Wiedt, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, COHN, Judge, JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

This is an appeal by Richelle Berrian (Claimant) from an order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) order denying a claim petition and

granting a termination petition filed by the Pennsylvania State Police (Employer).

Petitioner, a state trooper, had suffered work-related back injuries due to a vehicle accident on July 7, 1994, and received benefits pursuant to a notice of compensation payable that accepted liability for "multiple back injuries." On November 19, 1994, Employer offered Claimant a light-duty job, which she refused; Employer then filed a suspension petition, which was granted by order dated October 30, 1997. The suspension was effective November 19, 1994. Claimant returned to work in a light-duty capacity in 1995, although the exact date is not of record.

On February 10, 2000 Claimant, who lives and works in Harrisburg, filed a claim petition alleging "stress disorder, depression, herniated disc, headaches, shoulder pain, neck pain and leg pain" as of July 7, 1994. She sought payment of medical expenses for alleged psychiatric problems and also requested, therein, "lost wage benefits" for periods she missed from work and for which she was forced to use her medical leave time. This time (96 hours) was used to travel to and from Philadelphia, where she sought medical treatment with Dr. Mark Allen, an orthopedist. She had originally begun treating with Dr. Allen shortly after having knee surgery in February 1991.[1] She also sought payment for Dr. Allen's bills. Employer filed an answer denying the material allegations in the claim petition. On August 8, 2000, Employer filed a petition to terminate benefits as of July 11, 2000. Claimant denied the material allegations of this petition. The two petitions were consolidated before the WCJ. The parties agreed to submit medical reports in lieu of deposition testimony.

In support of her petition, Claimant presented the September 25, 2000 medical report of Dr. James D. Nelson, M.D., a psychiatrist, in which he opined that Claimant had an Axis I Major Depression Disorder. He was not found credible by the WCJ and his report discloses that he never opined that this disorder was even work-related. Further, the report contains no diagnosis regarding any physical injuries and Claimant presented no medical evidence of any additional physical problems.

In response to Claimant's evidence in support of her claim petition, Employer presented the medical reports of Dr. Gene L. Cary, M.D., Dr. Timothy J. Michaels, M.D. and Dr. Abram M. Hostetter, M.D., all of whom are psychiatrists. Dr. Cary saw Claimant in February 1992, before the vehicle accident at issue here. She had been referred to him for stress and anxiety after she was treated for soft tissue injuries, primarily to her left knee, right thumb, back and shoulder, all related to her 1989 work injury. Dr. Cary opined that Claimant had a "paranoid and passive-aggressive personality," which was impairing her recovery, and noted that she felt victimized, blamed others for her problems and had low self-esteem. Dr. Michaels's report is dated January 30, 1996. He was unable to complete his examination because, on the advice of counsel, Claimant refused to undergo a personality test that he deemed necessary for evaluation. Dr. Hostetter's report is dated November 13, 2000, and concurs with Dr. Cary's findings, which indicated that Claimant had no clinical psychiatric disability. Finding Dr.

1. Claimant's knee surgery was related to a 1989 injury that she suffered at work when she was tripped by a prisoner. The record also reveals that she had been involved in a work-related motor vehicle accident in 1981, wherein she sustained back and knee injuries, and another such accident in 1986, wherein she injured her neck, back and knees.

Cary and Dr. Hostetter's reports more credible than Dr. Nelson's with regard to Claimant's psychiatric condition,[2] the WCJ denied the claim petition.

In support of its termination petition, Employer presented the medical reports of Dr. Jose H. Auday, M.D., an orthopedist, and Dr. Milind J. Kothari, D.O., who is board certified in Psychiatry, Neurology and Electrodiagnostic Medicine. Dr. Auday examined Claimant in September of 1994 and opined, at that time, that the work-related soft tissue injuries she had suffered in July had resolved; he released her to do light-duty work. Dr. Kothari's report, dated July 21, 2000, also indicated that all of Claimant's soft tissue injuries had resolved; it further indicated that he was signing a physician's affidavit of recovery. The WCJ found these reports, especially that of Dr. Kothari, "credible and persuasive," and granted the termination petition.

▆▆▆▆ The WCJ also dealt with two other issues raised by Claimant. The first concerned the payment of Dr. Allen's medical bills. He denied this request, concluding that Employer was not responsible for the bills because, in a separate utilization review (UR) proceeding, the treatment

had been deemed not reasonable and necessary (based on Dr. Allen's failure to submit any documentation, despite being requested to do so) and no appeal of that determination had been taken. He also denied Claimant's request for reimbursement for the 96 hours of "lost wage benefits" that she incurred because she chose to travel to Philadelphia to treat with Dr. Allen, rather than be treated locally in Harrisburg. Claimant appealed the WCJ's order denying her all relief and the Board affirmed. Claimant then filed a further appeal with this Court.[3]

▆▆▆▆ First, we consider Claimant's argument that her claim petition for depression-related medical expenses should have been granted. In a claim petition proceeding, the claimant bears the burden of proving that she suffered an injury while in the course of her employment and that she remains disabled due to that injury. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). Where the causal connection is not obvious, the claimant must present unequivocal evidence to support her burden. *Cromie v. Workmen's Compensation Appeal Board (Anchor Hocking)*, 144

2. The WCJ wrote in his discussion:

Dr. Hostetter was credible and persuasive that claimant had no psychological problem. While Dr. Nelson had an axis I diagnosis, I found Dr. Hostetter more credible. Claimant is functioning. She has been functioning for years. While she has complaints about her employer, she is a successful employee. I thought that Dr. Hostetter's evaluation was persuasive. It was supported by Dr. Cary. In fact, claimant has no psychological problem. She has personality traits. Most people have personality traits. There was not even a finding of a personality disorder. Therefore, I find it credible that claimant had pre existing conditions that cause her to react in ways different than other employees but no disability due to any psychological conditions.

(WCJ Decision at 7.)

3. On appeal, here, our scope of review is limited to whether the findings of fact are supported by substantial evidence and whether there has been any constitutional violation or legal error. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth.436, 550 A.2d 1364 (1988). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Cmwlth.75, 591 A.2d 762, 764 n.5 (1991). It is within the sole province of the WCJ to make credibility determinations. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703 (Pa.Cmwlth.1995).

Pa.Cmwlth.37, 600 A.2d 677 (1991). Evidence is unequivocal if it establishes, to a reasonable degree of medical certainty, that the injury was, in fact, work related. *Id.* As noted above, Dr. Nelson's evidence did not establish a causal link, nor was it found credible. Thus, the WCJ did not err in denying the claim petition.

■■■ Regarding the grant of the termination petition, Employer bears the burden of proving that the claimant's work-related disability has ceased. *Pistella v. Workmen's Compensation Appeal Board (Sampson Buick Body Shop)*, 159 Pa. Cmwlth. 342, 633 A.2d 230 (1993). Dr. Kothari's medical report clearly and unequivocally stated that Claimant had recovered from her work-related injuries and he was deemed credible by the WCJ. Therefore, it was proper to grant Employer's petition.

Next, with regard to the payment of Dr. Allen's medical expenses, the WCJ was absolutely correct that the issue was decided in the UR proceeding. Because there was no appeal from that order, the matter was final and Claimant could not re-activate it by raising it in the context of a new claim petition.

Finally, we consider the question of reimbursement for compensation benefits related to Claimant's long distance treatment with Dr. Allen. As noted previously, she sought reimbursement for 96 hours. We begin with the premise that what she seeks is very similar to travel expenses. A claimant can be entitled to such expenses if they are reasonable. In *Helen Mining Co. v. Workmen's Compensation Appeal Board (Tantlinger)*, 151 Pa.Cmwlth.242, 616 A.2d 759, 762 (1992), our Court observed that, in considering reasonableness, the following factors must be assessed:

1) whether the employer was aware of the long distance treatments;

2) whether the claimant was specifically referred to the distant location for the treatment;

3) whether the treatment was available at a closer location; and

4) whether the long distance treatment comprised an integral part of the ongoing medical treatment.

The Court then went on to explain:

These factors were aimed at balancing the prohibition of awarding travel expenses with the concept that if a claimant had to make long distant or non-local travel to obtain needed medical care, then it was an integral part of that care and identical to the type of "travel expenses" that an employer reimbursed without question, e.g. ambulance service transporting the injured employee from work to a hospital for treatment.

The first factor ... requires that the travel is necessary and the distance is reasonable. The second and third factors require claimant to establish that the requisite type and level of care are not available locally, and the distant location is one that patients are normally referred [to] for that type of treatment. These factors establish that the travel is integral to receiving medical care and the place where it was sought was chosen for medical reasons *as opposed to personal reasons.* The fourth factor requires claimant to travel outside the local area only for treatment which is necessary for his recovery and not for any treatment above and beyond that which is necessary. This prevents payment of expenses which are unrelated to the actual work-related injury.

To summarize, ... if treatment is available locally, and claimant seeks the prescribed treatment locally, other than in exceptional circumstances, ... any travel expenses incurred going back and forth to the physician or treatment cen-

ter are not reimbursable. If claimant chooses a physician outside the local area, travel expenses are not reimbursable because claimant has not been prevented from receiving the necessary treatment merely because of travel restrictions. If, however, the necessary treatment is not available locally, Claimant is entitled to be reimbursed for travel expenses as long as it is to a facility where others are or would be referred so that he is not prevented from receiving the treatment he requires.

*Helen Mining*, 616 A.2d at 762–63 (footnote omitted and emphasis added). Here, Claimant had the burden to show that the type and level of treatment she sought was not locally available. *See Harbison–Walker Refractories v. Workmen's Compensation Appeal Board (Huntsman)*, 99 Pa. Cmwlth.382, 513 A.2d 566 (1986).

▮ Claimant asserts that, because she had a longstanding relationship with Dr. Allen and preferred to treat with him, the medical leave time should be reimbursed. We disagree. This is precisely the type of personal preference for treatment that *Helen Mining* explains is **not** reimbursable. While it appears that Employer may have been aware of Claimant's long distance travel for treatment, there is nothing in the record to show that Claimant was specifically referred to Dr. Allen because no one in the Harrisburg area was capable of treating her condition. Her testimony is clear that she simply liked Dr. Allen and preferred to treat with him. Therefore, the record supports the conclusion that she did not meet her burden under *Harbison–Walker*.[4]

Claimant also asserts that because Employer had reimbursed her in the past for her medical leave time, it must continue to do so. She cites no authority to support this notion, and we are aware of none. It appears, from the record, that payments may have originally been made in error. Employer presented the testimony of its personnel analyst, Kim Studenroth, who explained that if treatment is for a non-work-related injury, the employee must use medical leave for doctor visits. As this witness further explained, Dr. Allen's bills were "denied for treatment" by the Employer's insurance carrier, "which would automatically disqualify the medical treatment allowance benefits." (Hearing of February 13, 2001, N.T. 16.) Thus, requiring Claimant to use 96 hours of medical leave was in accordance with Employer's procedures.[5] Therefore, the WCJ properly denied the request for reimbursement.

Having determined that the Board correctly affirmed the WCJ's decision to deny Claimant all relief sought and to grant Employer's termination petition, we affirm its order.

### ORDER

NOW, July 17, 2003, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

4. Because of our disposition of this issue on this basis, we need not consider whether the distance traveled here was reasonable in accordance with "local custom." *See Helen Mining*.

5. Studenroth also stated that a thirty-minute trip one way has been designated by the Commonwealth's Office of Administration as a reasonable time for travel. (Hearing of February 13, 2001, N.T. 6.)